(87 App. Div. 269.)

PEOPLE ex rel. BELMONT et al. v. LEONARD et al., Commissioners.

(Supreme Court, Appellate Division, First Department.  November 6, 1903.)

1. COMMISSIONERS TO ASSESS DAMAGES CAUSED BY CHANGES OF GRADE OF STREET—DECISION—FINALITY.

The decision of commissioners appointed to assess the damages caused by changes of grade of streets dismissing a claim of a landowner for damages on the ground that they had no jurisdiction, though erroneous, or made by mistake or inadvertence, is final as to them, and they cannot reopen the matter.

2. SAME—REMEDY OF CLAIMANT.

Where commissioners appointed to assess the damages caused by changes of grade of streets dismissed a claim of a landowner for damages on the ground that they had no jurisdiction, the remedy of the claimant was not by application to them to reopen the case, but either by certiorari to review the decision if made on insufficient facts, or by moving the court to reopen the matter, and send it back to the commissioners if made by inadvertence or through mistake.

3. SAME—DECISION OF COMMISSIONERS—FILING WITH COMPTROLLER—EFFECT.

Whether commissioners appointed to assess damages caused by changes of grade of streets, who filed their decision dismissing the claim of a landowner with the comptroller, did so pursuant to or in the absence of a statute making provision for such filing was immaterial, the making of their decision exhausting their authority over the matter.

Certiorari by the people, on the relation of August Belmont and another, against William D. Leonard and others, commissioners to assess damages caused by changes of grade of streets, to review a decision of the commissioners denying motion of claimants to proceed with the taking of testimony.  Writ dismissed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles Stewart Davidson, for appellants.
Robert C. Beatty, for respondents.

O'BRIEN, J.  The relators are the owners of property in the Twenty-Third and Twenty-Fourth Wards, New York City, and claim to be entitled, under chapter 537, p. 1156, Laws 1893, as amended by chapter 567, p. 1307, Laws 1894, to receive compensation for damages thereto caused by changes of grade of the streets in that locality with respect to the tracks of the Harlem Railroad, made by virtue of chapter 721, p. 937, Laws 1887, and other statutory enactments.  They filed their claim with the commissioners appointed under the statutes, but the commissioners entered in the comptroller's office an order dismissing the claim, which order stated that the dis-

missal rested upon the ground that the commissioners had no juris-
diction to hear the claim, as the lands described are not within the
area limited; and it also recites that both parties were heard, and
due consideration given to the motion to dismiss made by the cor-
poration counsel. Thereafter the commissioners concluded that they
had erred in the decision thus made, and granted a motion by the
claimants to reopen the dismissed claims, and entered an order to
that effect. Before anything further was done, however, the terms
of the commissioners expired, and thereafter new commissioners were
appointed. The new commissioners took up the question as to the
propriety of granting the relators any relief, and in opposition there-
to the corporation counsel made two objections: First, that, the
claim of the relators having been dismissed by the order originally
entered, the commissioners had no power to reopen such dismissed
claim, and the present commissioners could not go into the matter,
the contention being that the commissioners having exercised their
authority once it had ceased to exist; and, second, that in any event
the commissioners had no jurisdiction to award any damages to the
relators, for the reason that the property was not within the area as
limited and designated in the acts. In support of the relator's right
to be heard upon the merits there appear in the record the opinions
of the former commissioners, in which, as well as in the affidavits
of such commissioners used in applying for the writ of certiorari,
it is stated that the order dismissing the claim was entered upon
misinformation, and inadvertently and without an opportunity for the
relators to be heard and offer proof; that the commissioners were
simply told by the corporation counsel that the premises in question,
with considerable other property, was without the limitation of terri-
tory over which they had jurisdiction, and, without looking further
into the matter, they entered the order of dismissal, and then there-
after found that the property was within their jurisdiction, and that
the relators are entitled to some compensation from the city. After
having these facts brought to their attention, and listening to con-
siderable evidence on the subject of the area covered by the acts con-
ferring authority upon them, and the actual location of the relator's
property, the new commissioners entertained a motion by the cor-
poration counsel that no further testimony be received with respect
to the merits of the claim, and a decision was so entered; the com-
missioners holding that there was no power to review the original
order dismissing the claim, and that certain of the property which
they had been considering was without their jurisdiction. Thereafter
the commissioners resigned, and their resignations were accepted by
the mayor. The claim of the relators having thus been rejected, they
seek by certiorari to review the decision of the commissioners that
no further testimony with respect thereto should be taken.

Two principal questions are thus presented, namely, as to whether
it was proper and competent for the commissioners to review and
recall the order first entered dismissing the claim of the relators and
to consider it upon the merits, and whether the jurisdiction of the
commissioners extended to the claim made for the Belmont prop-
erty. This latter question it will be unnecessary to discuss in view

of the conclusion which we have reached that the commissioners properly refused to hear any further testimony with respect to the merits of the claim of the relators on the ground that the order first entered dismissing the claim was a determination which could not be recalled by the commissioners, and was still subsisting.

In deciding the first question adversely to the relators the commissioners relied upon the case of People ex rel. Chase v. Wemple, 144 N. Y. 478, 39 N. E. 397. Therein the State Comptroller contended that he had no power to vacate an order he had entered, although erroneously made, it being held, as stated in the headnote, that "the action of that officer so far as it is of a judicial nature, is bounded and controlled, and no right is thereby given to him to vacate his own orders except in the single case of the cancellation of a tax sale." And in the opinion in that case it is said:

> "It is the general rule that officers of special and limited jurisdiction cannot sit in review of their own orders or vacate or annul them. A justice of the peace cannot set aside or alter a judgment after he has entered it. Stephens v. Santee, 49 N. Y. 39. The nearest approach to an exception is in the case of an audit by a board of supervisors to which the learned counsel for the appellant calls our attention. People ex rel. Hotchkiss v. Supervisors, 65 N. Y. 225. That case explicitly concedes the general rule, and then goes upon the ground that the board of supervisors are a local legislature, and exercise quasi judicial powers only in a qualified sense. I know of no other exception, and do not think we can graft upon the special and limited powers of the comptroller, when acting judicially, the general powers which belong to courts of original jurisdiction."

This rule thus formulated has been uniformly followed, and the only case to which our attention has been directed as sustaining an opposite view is that of Osterhoudt v. Rigney, 98 N. Y. 222, which contains an intimation that, where a proper claim has been disallowed by a town board of audit because not presented in proper form, or not properly verified or accompanied by proper vouchers, or for any reason not involving a determination on the merits, it may be presented to and audited by a subsequent board. But in that case also, as in the case of People ex rel. Hotchkiss v. Supervisors, supra, a distinction is to be noticed in that local legislative powers are involved.

In the case at bar we have to consider the act of a board of commissioners appointed by special law, with prescribed powers, namely, the determination of claims brought before them for damages alleged to have been sustained by reason of the changes of grade made under legislative sanction and direction. The position occupied by the commissioners may be likened to that of a referee to whom has been referred questions for determination. The powers of such an officer are well established. He may determine the matters brought before him, and file his report, and, having done this, he is functus officio, and may not thereafter review or recall his determination, however erroneously or inadvertently made. As said in Edwards on Referees, c. 1, § 32, p. 90:

> "After a referee has had an action sent to him on all the issues, and he has decided and made and delivered his report and directed final judgment, his power over the action is ended. It terminates his jurisdiction. Pratt

v. Stiles, 17 How. Prac. 211. His discretion as well as his authority over the interlocutory questions presented in the progress of the trial ceases with the decision of them, or at least with the trial itself. Allen v. Way, 3 Code Rep. 243."

That this rule obtains with respect to commissioners appointed to assess damages appears from the case ·of People ex rel. Mann v. Mott, 60 N. Y. 649, wherein it was held, as stated in the headnote, that:

"When the assessment of the .commissioners is completed and delivered to the commissioner of highways, their power is exhausted. They cannot thereafter substitute another; and a paper purporting to be a revised or amended assessment subsequently filed has no legal force or validity."

So, too, in People ex rel. Luckings v. Railroad Commissioners, 30 App. Div. 69, 51 N. Y. Supp. 781, affirmed on opinion below 156 N. Y. 693, 51 N. E. 1093, it was held, where the commissioners had authorized, after a hearing, at which there was no appearance of the municipality or property holders, a street railway company to change its motive power, and the relator, a property owner, petitioned the board to reopen the matter, that the application should be denied, as the commissioners had no power to reconsider or review their action.

Our conclusion, therefore, in the case at bar, is that the commissioners, having entered their order and made their decision dismissing the relator's claim, are as to it functus officio, and thereafter could not reopen the matter with respect to which they had thus already exercised their authority to consider and determine. Whether that determination was made erroneously, and in conflict with the proof before the commissioners, or whether it was made by mistake or inadvertence, the power of the commissioners, having been once exercised, was gone forever. The remedy of the relator therefore was· not by application to them to reopen the claim, but was either by certiorari to review the determination of the commissioners, if he deemed it to have been made upon insufficient facts, or else, if made by inadvertence or through mistake as to the property, or upon a wrong assumption of fact, by moving the court to reopen the matter, and send it back to the commissioners, as in the case of the reopening of a subject which has once been before a referee and been denied. The Supreme Court, having the necessary jurisdiction, can alone review, set aside, or correct the determination of the commissioners.

It but remains to consider the further point that there was nothing expressed in the statute defining their powers which required the commissioners to file with the comptroller an order or decision dismissing the claim, and that such action was of no effect, and the subject-matter was therefore still within their power, and it might again be considered by the commissioners. The answer to this contention is that it is immaterial whether or not the commissioners, in filing an order, or in otherwise recording their determination in the comptroller's office, did so pursuant to or in the absence of a statute making provision for such filing, because it appears that they did make a determination of the relator's claim, deciding that it should be dismissed, and, having so determined, their power and authority over the

claim. was exhausted. The question of whether such determination was filed is immaterial.

We think, therefore, that upon the ground that the commissioners could not review the determination dismissing the relators' claim, the decision of the new commissioners that no further testimony could be taken with respect to its merits was right, and that the writ of certiorari to review such decision should be dismissed, with $50 costs and disbursements. All concur.