### In re VARIAN et al.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

1. MUNICIPAL CORPORATIONS (§ 404*)—PUBLIC IMPROVEMENTS—CHANGING GRADES—CLAIMS—LACHES.

Laches in moving to reinstate a claim for damages from a change of grade in a street after the dismissal of the claim by the Change of Grade Damage Commission will not bar the motion for reinstatement if the city was not injured thereby, especially where other claimants in the same situation recovered on their claims.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 989–999; Dec. Dig. § 404.*]

2. MUNICIPAL CORPORATIONS (§ 404*)—PUBLIC IMPROVEMENTS—CHANGING GRADE.

The Special Term had no power to make an order vacating the dismissal of claims for damages in creating a street in New York City filed pursuant to Laws 1893, c. 537, with the Change of Grade Damage Commission, and directing the commissioners to determine the claims.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 989–999; Dec. Dig. § 404.*]

3. MUNICIPAL CORPORATIONS (§ 404*)—PUBLIC IMPROVEMENTS—CHANGE OF GRADE—AWARD OF DAMAGES—TIME.

Applications to the Supreme Court to extend the time of the Change of Grade Damage Commissioners to hear claims for damages in changing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the grade of a street must be made before the expiration of the time within which the commissioners were required to hear the claims and make awards by Laws 1893, c. 537, § 5, as amended by Laws 1900, c. 729.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 989–999; Dec. Dig. § 404.*]

Miller, J., dissenting.

Appeal from Special Term, New York County.

In the matter of the application of Alfred Varian and others claiming damages from street grading. From an order of the Special Term vacating orders by the Change of Grade Damage Commission, dismissing a claim for damages and directing the Commissioners to determine the claim, the City of New York appeals. Reversed, and motion denied, and application for extension of time denied.

Argued before INGRAHAM, P. J., and CLARKE, MILLER, LAUGHLIN, and McLAUGHLIN, JJ.

Charles J. Nehrbas, of New York City (Terence Farley, of New York City, on the brief), for appellant.

Barclay E. V. McCarty, of New York City (Jared G. Baldwin, Jr., John M. Harrington, and William H. Snowden, of New York City, on the brief), for respondents.

LAUGHLIN, J. The Legislature, by chapter 537 of the Laws of 1893, authorized the mayor of the city of New York to appoint three commissioners to estimate the loss and damage which each owner of land, or land and building, fronting on 157th street, or any other street or avenue in the 23d and 24th wards of the city, and extending back therefrom not more than 100 feet, had sustained by reason of the change of grade of any street or avenue, made in conformity with the provisions of chapter 721 of the Laws of 1887, or caused by grading Elton avenue, Railroad avenue, or Melrose avenue, where the former grade had been duly established as therein provided, and authorized such owners to file claims with the comptroller and corporation counsel within six months after the first public meeting of the commissioners, and to prove and recover the damages thus sustained. By chapter 567 of the Laws of 1894, the Legislature amended every section of the original act and in effect re-enacted the provisions thereof, with certain changes and additions. Section 1 was changed so as to provide for the proving and recovery of damages sustained by reason of changes of grade made in conformity with the provisions of various other statutes in addition to chapter 721 of the Laws of 1887, and the following provision was added thereto:

"Provided, however, that as to lands or lands and buildings fronting on any street or avenue, except One Hundred and Fifty-Seventh street, the benefits under this act shall be limited to the area within which the grades are changed, as shown on any map filed pursuant to chapter seven hundred and twenty-one of the laws of eighteen hundred and eighty-seven."

Pursuant to the original act, or to the act amendatory thereof, commissioners were duly appointed, and claims were duly filed by the 45 respondents in this proceeding. Between the 18th day of April,

1899, and the 13th day of March, 1902, all of these claims were dismissed by the commissioners on motion of the corporation counsel upon the ground that the commissioners were without jurisdiction to hear the same, for the reason that the lands described in the claims were not situated on 157th street and were not within the area within which grades were changed, as shown on any map filed pursuant to the provisions of chapter 721 of the Laws of 1887. Formal orders of dismissal, entitled in the proceeding, were made and signed by the commissioners, and they in each instance recite that the motion was opposed by the attorney for the claimant. No step was taken by any of these claimants to review the action of the commissioners in dismissing their claims, or to have their claims reinstated, or to have the commissioners directed to hear and determine them, until the 16th day of February, 1912, when they gave notice of motion for the order from which the appeal has been taken. Thus they allowed a period of more than 12 years from the dismissal of the first claim, and nine years from the dismissal of the last claim before moving in the premises.

[1] The learned counsel for the city contends that in any event the application should have been denied upon the ground of laches. There is much force in this contention, but it does not appear that the city has been prejudiced by the delay, excepting, perhaps, with respect to interest on the damages that may be allowed, and on that point it does not appear that the claims could have been heard and determined sooner if the application had been made before, and the successors of the commissioners are still in office and are hearing like claims. If therefore the court had authority to make the order, we would hesitate to reverse it on the ground of laches, for that would result in some claimants similarly situated recovering, and this, if resting in judicial discretion, should not be permitted, since the city has not shown that it has been prejudiced by the delay.

[2] It is further contended on the part of the city that the court was without jurisdiction to make the order. The learned counsel for the respondents say, in answer to this contention, that this court has heretofore decided that the Special Term had authority to make similar orders. One of the decisions, upon which the respondents rely, is Matter of Wehrum et al., 96 App. Div. 627, 89 N. Y. Supp. 1199. This court there affirmed without opinion an order of the Special Term, vacating orders of the commissioners dismissing claims, and reopening the proceedings and sending the claims back to the commissioners for hearing and determination. The claims involved in that proceeding were dismissed by the commissioners under a misapprehension as to the location of the lands of the claimants, which were in fact included within the area shown on maps filed under said act of 1887, whereas the dismissals were upon the erroneous theory that the lands were not shown on such maps. On behalf of the city, it is contended that that case is distinguishable from this, in that there the claims were dismissed under a missapprehension with respect to the facts, while the claims of the respondents in this proceeding were dismissed, not through a missapprehension as to the facts, but through

a mistake of *law.* The lands of the respondents were not in fact shown on any map filed pursuant to the provisions of the act of 1887. They were, however, shown on maps filed pursuant to the provisions of chapter 545 of the Laws of 1890, and the Court of Appeals, in People ex rel. Janes v. Stillings, 197 N. Y. 548, 90 N. E. 455, held that the jurisdiction of the commissioners extends to claims filed by the owners of lands shown on maps filed pursuant to the provisions of said act of 1890, as well as pursuant to the provisions of the act of 1887. We are of opinion that the power of the court, on motion at Special Term to vacate the dismissal of claims by the commissioners and reinstate the claims, is not affected by the question as to whether the dismissal was owing to an error of fact or to an error of law. It would seem, therefore, that the decision in Matter of Wehrum et al., supra, supports the contention of counsel for the respondents.

Prior to the Special Term order in Matter of Wehrum et al., supra, two like orders were made at Special Term on the 17th day of March, 1904, and three like orders were made subsequent thereto. None of these orders were reviewed by this court on the merits. It appears that appeals were taken from two of them, but they were dismissed on motion; and the record does not show the grounds of the motion. The order in Matter of Wehrum et al., supra, and the other orders preceding and following it, were evidently not based upon any provision of the special acts of the Legislature relating to these claims, or to the procedure with respect thereto, but followed a dictum by this court in People ex rel. Belmont v. Leonard, 87 App. Div. 269, 84 N. Y. Supp. 341, to the effect that the court has inherent power to reinstate such claims. The claim to which that proceeding related had been dismissed by the commissioners through a misapprehension with respect to the location of the lands of the relators. The question there presented was whether the action of the successors of the original commissioners in refusing to hear evidence and make awards with respect to claims which had been erroneously dismissed, and subsequently reinstated on application, by their predecessors, was reviewable by certiorari, and whether it should be sustained. This court affirmed the action of the commissioners in refusing to hear evidence and make an award, and dismissed the certiorari proceeding. The opinion of this court in that proceeding, after expressing the view that the original commissioners on making the order dismissing the claim were functus officio, and therefore without power to reopen the matter, contains the following expression of opinion with respect to remedies possibly open to the relators, as follows:

"The remedy of the relators, therefore, was not by application to them (commissioners) to reopen the claims, but was either by certiorari to review the determination of the commissioners if they deemed it to have been made upon insufficient facts, or else, if made by inadvertence or through mistake as to the property, or upon a wrong assumption of fact, by moving the court to reopen the matter and send it back to the commissioners, as in the case of the reopening of a subject which has once been before a referee and been denied. The Supreme Court, having the necessary jurisdiction, can alone review, set aside, or correct the determination of the commissioners."

All of the orders of the Special Term, vacating the dismissal of claims by the commissioners, have doubtless been based on this sug-

gested remedy, as was the order of this court in affirming the one which was appealed from. There is no statutory provision conferring any authority on the Special Term to make such an order, and we are of opinion that the court has not inherent power to thus review or control the action of the commissioners by order on application made to the Special Term. If the action of the commissioners in dismissing the claims was a nullity, then the remedy of the claimants was to apply for a writ of mandamus to compel the commissioners or their successors to perform their duties by hearing and determining the claims on the merits, and if the action of the commissioners constituted a judicial determination on the facts presented with respect to their authority to hear the claims, then it was reviewable by certiorari; but we know of no authority by which the Special Term of the Supreme Court may, on motion and by mere order, revise, regulate, or control the action of statutory commissioners performing special statutory duties. We are of opinion, therefore, that the court was without power to make the order vacating the dismissal of the claims and directing the commissioners to hear and determine them.

[3] Moreover, under section 5 of the original act as amended by chapter 729 of the Laws of 1900, the time within which the commissioners were required to hear the claims and make awards, if it had not previously expired, expired on July 1, 1903, except as to matters theretofore submitted to them, unless extended by this court on application duly made. No application for such extension was ever made to this court in behalf of the respondents until the presentation of the appeal, at which time such a motion was made. This court decided, in Matter of Farmers' Loan & Trust Company, 140 App. Div. 930, 127 N. Y. Supp. 1119, in which a per curiam opinion was written, that the authority of the court under the special acts in question to extend the time of the commissioners was limited to applications made *before* the time expired. In that opinion it was intimated that, on account of the changed provisions of the statute, it might well be that there was no limitation with respect to the time within which claims filed pursuant to the provisions of chapter 747 of the Laws of 1905 must be heard and determined by the commissioners. The claims of the respondents, however, were filed pursuant to the provisions of the original act, and were not filed after the enactment of said chapter 747 of the Laws of 1905. It appears that in Matter of Wehrum et al., supra, an order was made by this court extending the time of the commissioners to hear and determine claims, where the time had already expired; but no opinion was written on granting that application, and the question was more fully considered on the subsequent application in Matter of Farmers' Loan & Trust Company, supra, in which it was held, as already stated, that the court in such circumstances is without jurisdiction to extend the time.

We do not wish to be understood as expressing any opinion with respect to the merits of the claims of the respondents. We merely hold that, in the circumstances, the court can afford them no remedy, and the reversal of the order and the denial of the motion are made for want of power, and not in the exercise of discretion, and the order

may so recite, to the end that the respondents may have these questions of law reviewed by the Court of Appeals if so advised.

It follows that the order should be reversed, and the motion denied, but without costs, and that the application for an extension of time should be denied, without costs.

INGRAHAM, P. J., and McLAUGHLIN and CLARKE, JJ., concur. MILLER, J., dissents.