THE PEOPLE OF THE STATE OF NEW YORK ex rel. PUBLIC SERVICE INTERSTATE TRANSPORTATION CO., INC., Respondent, *v.* PUBLIC SERVICE COMMISSION et al., Appellants.

(Argued April 17, 1933; decided May 23, 1933.)

*Melvin L. Krulewitch* and *Charles G. Blakeslee* for Public Service Commission, appellant.

*Colley E. Williams, Jacob H. Goetz* and *B. Meredith Langstaff* for Tappan and Nyack Bus, Inc., appellant.

*Charles L. Craig* and *Ernest W. Hofstatter* for respondent.

O'BRIEN, J.   April 25, 1923, the Public Service Commission issued to F. Clay Fisher a certificate of con-

venience and necessity for the operation of a motor bus line between Suffern, Nyack and Sparkill in Rockland county. It was issued on the express condition that it was terminable upon revocation by the Commission for sufficient cause. Such right, if any, as may have vested in Fisher by virtue of this certificate relating to that portion of the route between Nyack and Sparkill was assigned by him, with the Commission's consent, to the Rockland Transit Corporation, also upon the express condition that it might be revoked by the Commission for failure to operate or for other sufficient cause. A second assignment was made by that corporation to Northern Valley Bus Line, Inc. To the Commission's consent to this assignment was also attached the express condition that it was subject to all the conditions in the Fisher grant and that for failure to operate or other sufficient cause a rehearing might be had and the certificate revoked by the Commission. On April 28, 1926, the Commission issued another certificate of convenience and necessity directly to Northern Valley Bus Line, Inc., for operation between South Nyack, Sparkill and the boundary line of New Jersey. Like the certificate issued to Fisher, it was granted on the express conditions that the grantee would comply with all the rules, regulations and orders of the Commission respecting equipment and service, that the certificate should not be leased or assigned without the consent of the Commission and that in case of violation of any of the conditions or for failure to operate or for other sufficient cause, a rehearing, upon the application of any person aggrieved, might be had and the certificate revoked. Thus, in the event that these certificates were valid, the Northern Valley Bus Line, Inc., a New York corporation, the name of which has been changed to Public Service Interstate Transporation Co., Inc., the respondent herein, acquired the right, with the consent of the local authorities of the municipalities on the route described in the certificates,

to operate from Nyack to the New Jersey boundary. It did so operate until August 14, 1928. Subsequent to that date the route was operated by Public Service Co-ordinated Transport, a New Jersey corporation. Respondent herein discontinued operation, sold its buses and discharged its employees. On July 25, 1929, the Commission issued to Tappan and Nyack Bus, Inc., one of the appellants herein, a certificate of convenience and necessity over the same route, and by orders dated March 6, 1930, after finding the facts on a rehearing upon application of Tappan and Nyack Bus, Inc., as a party aggrieved, the Commission revoked the certificate of April 25, 1923, in so far as it applied to respondent and also the certificate of April 28, 1926. Since there is evidence supporting the findings, the orders of revocation are neither arbitrary nor unreasonable on the facts, and the courts may not interfere with the exercise of the Commission's discretion on the facts and substitute its own judgment. (*Matter of Public Service Interstate Transp. Co.* v. *Pub. Serv. Comm.*, 258 N. Y. 455.)

The important question of law argued before us concerns jurisdiction by the Commission, prior to the enactment expressly conferring power (Public Service Law; Cons. Laws, ch. 48, § 63-d, subd. 4, as added by Laws of 1931, ch. 531), to revoke certificates previously issued by it.

Local authorities of a municipality are empowered by statute to attach certain conditions to their consent to the use of its streets (Transportation Corporations Law; Cons. Laws, ch. 63, § 66), and for breach of these conditions they may revoke their consent. (*People ex rel. Village of Chateaugay* v. *Pub. Serv. Comm.*, 255 N. Y. 232.) At the time of the issue of the certificates in the case before us, no statute conferred jurisdiction upon the Public Service Commission to attach conditions to a certificate of convenience and necessity. (Transp. Corp. Law, §§ 25, 26.) This body possesses no implied power. (*Siler* v. *L. & N. R. R. Co.*, 213 U. S. 175; *City of New York* v. *Inter-*

*borough R. T. Co.*, 257 N. Y. 20, 38.) Prior to the enactment of chapter 531 of the Laws of 1931, not only was it without jurisdiction to revoke a certificate of convenience and necessity but it possessed no authority to attach such conditions as appear. The convenience and necessity of people traveling through the territory between Nyack and the New Jersey line either did or did not require the operation of bus service by this respondent. That was the question for the Commission to determine. If in the exercise of its reasonable judgment that service would be convenient and necessary, it had the right to make such declaration in a certificate and issue it to respondent. If it reasonably held a contrary opinion, it could refuse. Its jurisdiction in relation to such a certificate was apparently then confined to granting or refusing an application. (Transp. Corp. Law, §§ 25, 26; *People ex rel. South Shore Traction Co.* v. *Willcox*, 196 N. Y. 212.) The statute did not recognize a limited or qualified certificate. After issue the Commission was *functus officio* in respect to the certificates (*People ex rel. Chase* v. *Wemple*, 144 N. Y. 478; *People ex rel. Belmont* v. *Leonard*, 87 App. Div. 269), but it could exert its power to compel adequate service by the common carrier in the manner provided by law, and the municipalities could upon proper facts revoke their consents to the use of their streets.

The mere fact that unauthorized conditions are attached to a certificate does not require the conclusion that the certificate is void. The effect of such conditions as bearing upon the purpose of the certificate and the improbability of its issue without conditions must, however, be considered. When all the language of the declaration is clearly indicative of an intent to withhold or cancel a certificate unless the conditions coupled with its grant shall be accepted and compliance had with them in the distant future, then the certificate as a whole must be disregarded. " A court is not justified in eliminating and disregarding illegal provisions of an

order unless it is apparent that the provisons which are legal in form are not connected with and affected by those which are illegal." (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Pub. Serv. Comm.*, 227 N. Y. 248, 262.) As in that case, these declarations manifest a purpose to make only limited or qualified certificates. In effect the Commission certified that convenience and necessity for bus operation by this respondent in this locality would continue only so long as respondent complied with the conditions. In one word it affirmed and in another word it denied. The statute at that time gave no such right. Without the conditions and reservations no certificate, within the Commission's intent, was executed. A power to revoke for condition broken was implied by the statute in no lesser degree than a power to make a condition. An inferential authority to do one would carry the right to do the other. Both or neither existed. For the law to imply jurisdiction in an official body to impose conditions which evince the fundamental purpose of its act and at the same time to deny power to enforce those essential conditions would amount to an absurdity. Inasmuch as respondent never acquired a valid certificate, it suffered no injury by revocation.

The order of the Appellate Division should be reversed and the proceeding dismissed, with costs in this court and in the Appellate Division. (See 262 N. Y. 632.)

POUND, Ch. J., CRANE and CROUCH, JJ., concur with O'BRIEN, J.; LEHMAN and KELLOGG, JJ., concur in result; HUBBS, J., not sitting.

Order reversed, etc.