[L. A. No. 15945.   In Bank.—October 27, 1937.]

MYRTLE  BECKER  et  al.,  Respondents,  v.  GLEN  H.
MUNKELT  et  al.,  Appellants.

Hamilton, Lindley & Higgins, Lindley & Higgins and Glen
H. Munkelt for Appellants.

Harry W. Horton for Respondents.

WASTE, C. J.—Respondents move for a dismissal of the appeal in this cause upon the grounds, first, that the appeal was not taken within the time allowed by law, and no record on appeal has been prepared, and, second, that all proceedings for the preparation of a record on appeal have been terminated by order of court.

The action relates to certain money deposited with the clerk of the trial court in a previous trial. Two motions for the payment of the money were made, one by plaintiffs and one by defendants. The minutes of the court of May 20, 1935, read as follows: "The motion of plaintiffs that the monies on deposit [be] paid to said plaintiffs is *granted* by the Court. The motion of the defendants that said monies be used for the payment of taxes is *denied* by the Court." On May 28th following, the court duly made, and there was filed on May 29th, and entered, a judgment ordering the money "be paid and delivered over to plaintiffs", and directing the county auditor and the county treasurer to pay the same to counsel for plaintiffs.

We must assume, from the directions given in the judgment, that the clerk of the court, on receiving the money on deposit, in turn deposited it with the county treasurer. In order to secure payment, it was therefore necessary for the court to make proper orders for payment. The minutes of the clerk are silent as to any directions. The duty imposed on the clerk of the court to "enter a synopsis of all orders, judgments, and decrees proper to be entered unless the court shall order them to be entered at length" (Pol. Code, sec. 4178), and the fact that the clerk has done so, will not prevent the subsequent entry of an order signed by the judge. (*Bailey* v. *Superior Court*, 215 Cal. 548, 552 [11 Pac. (2d) 865].) The appeal now here was therefore properly taken from the "order and judgment made on or about the 28th day of May, 1935", the order just recited.

Respondents would have us hold that the appeal was taken too late. We are not furnished with the date when the notice of appeal was actually filed in the court below, but, from the date it bears and the date on which respondents say it was served on them, we will assume it was filed on July 24, 1935, which date was well within the sixty-day period after May 28 or 29.

The second ground advanced by respondents for a dismissal, that, after the appeal was taken, a motion made by respondents to terminate the proceedings in the lower court for the preparation of a record on appeal was granted, needs no consideration. We have examined the transcript filed here by appellants, and find enough therein duly authenticated by the clerk of the lower court to permit appellants to prosecute an appeal on the judgment roll.

The motion to dismiss the appeal from the judgment and order of May 28, 1935, is denied.

Shenk, J., Curtis, J., Edmonds, J., and Nourse, J., *pro tem.*, concurred.

Rehearing denied.