■ In the Matter of SHIRLEY THOMPSON, Respondent, against JOHN SCAVO, Appellant.— This is an appeal from a final order of filiation granted on the 19th day of April, 1950 by the Children's Court of Otsego County. The delay of approximately nine years in perfecting this appeal, and arguing the

same, is extraordinary, for which no adequate explanation has been given by either party. The testimony in the case follows a pattern that is oft repeated in this type of case. Complainant testified that she had sexual intercourse with the appellant during the months of February and March of 1948. She gave birth to a baby on November 23, 1948 which apparently followed a full period of gestation. Complainant also testified that she did not have sexual relations with any other man during the period mentioned. Appellant admitted to having intercourse with complainant but swore he ceased going out with her around the middle of January, 1948, when he began to keep company with his present wife. Defendant made some attempt to link complainant up with another man but the latter swore that he had no sexual relations with complainant during the months of January, February and March of 1948. Also in this connection a blood grouping test excluded this other man as the father of the child. The case simmers down to an issue of credibility. The parties and all the witnesses, except the doctor who made the blood tests, were somewhat tarnished, and we would hesitate very much to disturb the judgment of the Judge who saw and heard them on the stand. As his first point appellant advances the rather startling argument that reversible error was committed because the prosecution was directed by the District Attorney under a resolution of the Board of Supervisors authorizing him to prosecute all cases in Otsego County relating to children born out of wedlock. This argument is utterly irrelevant so far as the appellant is concerned, and none of the cases cited by him are at all analogous to his point. If the Board of Supervisors exceeded its authority it may be that a taxpayer might restrain the payment of any fees to the District Attorney but certainly the proceeding was not invalidated because the District Attorney represented the complainant. Appellant's second point is that the court erred in admitting into evidence certain blood tests. Two blood tests were made, one from blood specimens taken from the complainant, the child in question and the appellant. The report of this test was not received in evidence, as a matter of fact the record does not show that it was even offered. Another blood test was made from specimens taken from the complainant, the child in question and the other man who was injected in the case by appellant. The physician who made this test testified orally as to the results thereof and excluded such man as the father of the child. Appellant's counsel had the opportunity to cross-examine this physician but chose not to do so. This testimony was admissible under section 306-a of the Civil Practice Act. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.