[Civ. No. 9650.   Third Dist.   Nov. 18, 1959.]

COUNTY OF EL DORADO, Respondent, v. AL TAHOE INVESTMENT COMPANY (a Corporation) et al., Appellants.

Sherman C. Wilke and Wilke, Fleury & Sapunor for Appellants.

Jack R. Winkler, District Attorney, for Respondent.

SCHOTTKY, J.—This is an appeal by Al Tahoe Investment Company and Frank C. Globin from a judgment compelling them to remove certain encroachments from a county highway.

In 1953 Frank Globin wanted to modernize a service station he owned in the Al Tahoe district of El Dorado County. He entered a tentative agreement with the Standard Oil Company by which Standard agreed to install a modern service station on his property. The proposed plans called for the installation of an island with pumps on the right of way of a county highway which runs in front of the station. Globin sought an encroachment permit from the board of supervisors through one Andy Robertson who at the time was the supervisor representing the particular district. An encroachment permit was issued. This permit contained a provision making it revocable by the county upon 10-days' written notice. Standard Oil refused to enter the agreement because of the revocation clause in the permit. Globin again contacted Supervisor Robertson. A second encroachment permit was obtained. It was silent as to its revocability. Globin testified that he told Robertson before the second permit was issued that he would need a permit that would be irrevocable for a period of 10 years.

In March, 1955, Globin and Standard Oil entered into a 10-year lease and the facilities were improved by the oil company at a cost of about $19,000. In addition Globin spent a considerable sum of money to remove the old facilities. In 1957 the oil company expended another $11,000 for further improvements.

In June, 1957, the board of supervisors without notice to Globin revoked the encroachment permit. Thereafter the road commissioner served a written notice on Globin to remove the pump island that encroached upon the county highway. Thereafter this action was brought to compel the removal of the pump island and a neon sign. The trial court entered judgment in favor of the county and this appeal followed.

The road commissioner brought the action to remove the encroachment under the provisions of division 2, chapter 6, of the Streets and Highways Code, section 1480 et seq., par-

ticularly section 1484, which permits the road commissioner to bring an action to abate an obstruction.

Section 1480 of the Streets and Highways Code defines a highway to include all or any part of the entire width of right of way of a county highway, whether or not such entire area is actually used for highway purposes. An encroachment includes any structure or object of any kind or character placed, without the authority of law, either in, under or over any county highway.

Appellants' first contention is that no remedy is available to respondent under the statute because the pump island was placed under authority of law since an encroachment permit was issued. Appellants argue that since it was installed under a permit said section 1484 of the Streets and Highways Code is not applicable.

We do not believe that section 1484 can be given such a narrow construction. Section 1484 authorized the road commissioner to remove an encroachment as a nuisance. Reading this section with section 3479 of the Civil Code, which defines a nuisance as anything which unlawfully obstructs the free passage of any county highway, and section 3494 of the Civil Code, which states that a public nuisance may be abated by any officer authorized by law, it would seem that once the encroachment permit was revoked the encroachment would become a nuisance which the road commissioner could seek to have abated. Furthermore, we believe that the trial court correctly concluded that "a board of supervisors does not have power to authorize the use of roads or streets for private purposes, except where the use is temporary." The pump island involved in the instant case was not a temporary obstruction, and except where the use is temporary a subordinate legislative body would have no power to permit a private owner to use the street for business purposes. (*Strong* v. *Sullivan*, 180 Cal. 331 [181 P. 59, 4 A.L.R. 343].)

Appellants also contend that the county is estopped to deny that the encroachment permit was irrevocable. In part this argument is based on the fact that two permits were issued and the second which was issued after appellants requested of Supervisor Robertson a permit good for 10 years did not contain any revocation clause as the first permit did. Appellants contend that because they sought a permit good for 10 years, and since they got one without a revocation clause and spent a considerable sum of money in removing the old build-

ing from the service station site, and since Standard Oil spent a considerable sum in installing the new station, it would be unjust to permit the encroachment to be abated. (Standard Oil is not a party to this suit.) It should be noted here that the relocation of the two pumps in the station would cost about $6,500. ▉▉ It is the general rule that a permit granting an encroachment constitutes a mere revocable license which may be withdrawn at will. (*Rowe* v. *City of Cincinnati*, 26 Ohio App. 87 [159 N.E. 365]; 25 Am.Jur., Highways, § 179; 25 Cal.Jur.2d, Highways and Streets, § 199.) This rule is subject to an estoppel *in pais* where justice and right require in exceptional cases that an estoppel be invoked. (*Times-Mirror Co.* v. *Superior Court*, 3 Cal.2d 309, 328 [44 P.2d 547].) ▉▉ Here the estoppel is based on the fact the second permit did not contain the revocation clause. We do not believe it can be said that the board of supervisors misled the appellants by not putting in a revocation clause. Mr. Globin was not present at the meeting of the board at which the permit was granted. The board was not advised that the permit sought be irrevocable. Appellants and the oil company just though it was irrevocable. ▉▉ Usually estoppel is invoked to prevent the licensor from perpetrating a fraud on the licensee. (*Cooke* v. *Ramponi*, 38 Cal.2d 282, 286 [239 P.2d 638].)

The record fully supports the following quotation from the memorandum opinion of the trial judge:

''In my opinion, the facts involved do not justify the application of the principle of estoppel. Conceding, for argument's sake, that Globin thought he was getting an irrevocable license, and although the evidence is not clear, that Supervisor Robertson thought the board was giving an irrevocable license, and the agents of Standard Oil Company thought the same, if, as a matter of law, the permits were void, the best that can be said about the transaction is that all concerned acted under a common or mutual mistake as to the law. No one consciously misled or deceived any one else. Strangely enough, apparently no one involved thought it necessary to secure any legal advice as to the legal effect of the permits, neither Globin nor the Standard Oil officials nor the supervisors.

''In addition, as soon as the work began on the pumps, the Road Commissioner of El Dorado County went to Globin, told him there was violent objection on the part of adjoining neighbors to the installation of the pumps and asked him to

stop work until a hearing could be had. Globin's response was 'go jump in the lake.' As a reasonable man, he should have foreseen, before Standard Oil Company spent any money, that the validity of the permits might be challenged.''

Appellants contend further that if the judgment is permitted to stand it would be a taking of property without due process of law. There is no taking of property. Appellants have no property right in the use of the highway for private purposes. (*Rowe* v. *City of Cincinnati, supra.*) That being so the revocation of the permit would not be a taking of property. The removal and relocation of the pumps would still permit the station to be operated.

Appellants also challenge the finding of the trial court that appellant Globin as a reasonable man should have foreseen before any money was expended upon the installation of the pumps that the permit might be challenged. There is no merit in this contention. Mr. Downer, the El Dorado County Road Commissioner, testified that he made a trip to Lake Tahoe just as work was commencing. He stated that a shovel had been moved on Mr. Globin's lot and had started an excavation and ''there was one or two hand laborers that were starting some pick work there on the County road, . . .'' At that time Mr. Downer contacted Mr. Globin and asked him to stop work until a hearing could be held. Mr. Globin responded by telling Mr. Downer to go jump in the lake. This testimony supports the finding.

Appellants contend further that the trial court erred because findings were not made·on certain affirmative defenses raised in their answer. These defenses were:

1. That appellants had operated and maintained a gasoline station on the property.

2. That appellants sought an irrevocable permit for an encroachment and that an encroachment permit was authorized and that the permit did not contain a revocation clause.

3. That in applying for the encroachment permit appellants advised the board of supervisors that they desired to enter into a long term lease with the Standard Oil Company; that the board knew the execution of the lease would entail the expenditure of a large sum of money and that the execution depended upon the granting of an irrevocable permit; that the board represented that the permit was irrevocable and that the permit would not be revoked during the term of the lease.

4. That in reliance on the statements and representations

and the encroachment permit the lease was entered into and a considerable sum of money was expended.

5. That the appellants and Standard Oil would not have entered into the lease or expended any sums for remodeling except for the permit.

6. That the action of the board of supervisors in revoking the permit and authorizing the road commissioner to abate the encroachment was done without notice to the appellants and without a hearing, nor were appellants given an opportunity to be heard.

7. That the action of the board of supervisors was contrary to law and if carried out constitutes a taking of property without due process of law.

This contention cannot be sustained. While the court did not find specifically on each of these affirmative defenses, the findings did cover all of the material issues in the case as specified in the pretrial conference order. These issues were (1) whether the improvements or obstructions constitute encroachment; and (2) if said improvements were unlawful encroachments, whether the acts of plaintiff constituted an estoppel. The findings covered these and all material issues and the evidence supports the findings. ■ A specific finding is not required on an issue where it follows by necessary implication from a general finding, and it is not necessary to negative issues contradictory to a proper finding. (2 Witkin, California Procedure, p. 1850.)

No other points require discussion.

The judgment is affirmed.

Peek, Acting P. J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.