[Civ. No. 19619.   First Dist., Div. Three.   May 10, 1962.]

DAWN FOSTER, a Minor, etc., Plaintiff and Respondent, v. ERNEST C. GRAY, Defendant and Appellant.

Nichols & Catterton, Guy B. Catterton, Sandra J. Shapiro and Roy E. Hamrick for Defendant and Appellant.

Carl B. Metoyer for Plaintiff and Respondent.

DEVINE, J.—This paternity case is singular because the mother, an incompetent person, was unable to testify. The action was prosecuted by the infant by her guardian *ad litem*, her maternal grandmother, to compel defendant, who is alleged to be the infant's father, to pay for her support. The trial court awarded judgment for plaintiff and denied a motion for new trial and motion to set aside the judgment.

Dawn Foster was born to Angela Foster on April 16, 1959, and the time of conception was established, by medical testimony, at a period from June 22, 1958, to August 22, 1958. In 1955, Angela had a brain tumor removed, and thereafter was mentally disturbed to such an extent that from September 1956 to March 1957 she was a patient at Napa State Hospital, and after her release she has been cared for by her parents, by a psychiatrist and by a psychologist.

She lived with her parents ever since her discharge from the hospital, and seldom was she allowed out of their sight. She had been married to Franklin Foster, but separated in September 1956, and Mr. Foster testified that he had had no marital relations with Angela since that time. The date on which divorce proceedings were commenced is not clear from the record, but final decree of divorce was made on January 12, 1960.

Proof of the paternity by defendant of Angela's child was accomplished by presenting a complex of circumstantial evidence. (1) There was a showing of nonaccess by the husband, by the testimony of the husband and of the parents of Angela. During the period of conception, there was a contest in court between the husband and Angela's family for the custody of two other children, and the husband was not visiting his wife at all during the critical time. (2) It was shown that Angela was in the sole company of defendant on occasions during the period of conception. (3) On one occasion when Angela had been with defendant, although this occasion, in May 1958, probably was a month or two before the conception, Angela had complained to her mother of pain, and on examination it was found that her thighs were bruised, and the presence of semen about her underclothes was thought to have been detected by the mother, who dismissed the subject of intercourse as improbable after talking with her own husband, Angela's father. (4) There was testimony accounting for all of Angela's time as having been within her mother's presence, except for brief and carefully timed visits to the neighborhood store, or occasions when Angela was in the company of other women; except as to one occasion when she was taken to a show by a male friend, who testified denying intercourse and who submitted to a blood test which showed that he could not have been the infant's father. (5) The infant and defendant were seen by the judge for whatever resemblance there may have been. (6) A blood test showed that it was possible that defendant was the father, this factor simply eliminating one possible defense. (7) Most important of all, perhaps, was the admission which Mrs. Moody testified defendant had made of his paternity, on two occasions. A neighbor, Mrs. Sims, testified that she was in the Moody home and overheard the admission on one occasion. Contradictory evidence to much of the above was presented, including denials by defendant of intercourse and of the admissions, and testimony that Angela had been seen in the company of other

men on three occasions, once holding hands with a male companion; but the trial court concluded that defendant is the father, and awarded judgment for support, for counsel fees and costs.

On motion for new trial, the court made additional findings of fact and conclusions of law, on a subject not covered in the original findings and conclusions, namely, that the court had appointed Sally Moody, plaintiff's maternal grandmother, guardian *ad litem* of plaintiff on July 3, 1959, and that on that date Angela Foster, mother of plaintiff, was an incompetent person and was unable to protect or to assert the legal rights of plaintiff.

The first argument of appellant is that the evidence is insufficient to support the findings and judgment, but the recital of the items of evidence given above is demonstrative of sufficiency. A brief comment on the one aspect of defendant's argument upon which stress is placed by appellant's counsel, should be made, however. Appellant argues that as it is the rule in paternity cases that when the defendant, charged by the testimony of the mother and by any other evidence, relies not only on the fact that the burden of proof is on plaintiff, but seeks to show that a certain other man was or may have been the father, or that one of several named men were in that position, he must, as to this part of the case, show that such other man or men had both the opportunity and the desire to have improper relations with the mother (*Berry* v. *Chaplin,* 74 Cal.App.2d 652, 662 [169 P.2d 442]; *Dastagir* v. *Dastagir,* 109 Cal.App.2d 809, 813 [241 P.2d 656]), so, in this case where no one has given direct evidence of defendant's having had sexual intercourse with the mother, there must have been produced evidence not only of opportunity, but also of erotic desire towards the mother, and that the latter element is lacking. We need not decide any principle of law, because proof of the desire was given in the May incident and in the admissions made by defendant.

The next point made by appellant is that the court failed to make a finding relative to "opportunity of access" by Franklin Foster to his wife during the period of conception. It is to be observed that appellant's argument that "opportunity of access" with a husband who is not impotent would constitute "cohabitation" within the meaning of section 1962, subdivision 5 of the Code of Civil Procedure, and would establish a conclusive presumption of legitimacy and of paternity of the child by the mother's husband, is based on

438

the case of *Williams* v. *Moon*, 98 Cal.App.2d 214 [219 P.2d 902]. This proposition has been rejected by the Supreme Court in *Kusior* v. *Silver*, 54 Cal.2d 603, 611 [354 P.2d 675], in which it was held that cohabiting means living together ostensibly as husband and wife, or living together in the same house or apartments.

Therefore, the fact that the court did not make any finding on "opportunity of access" does not constitute a failure to find on a material issue. ■ As to actual access, there is no doubt that the husband and wife were separated, and were not ostensibly living together, and there was positive evidence that the husband and wife did not meet during the crucial period. The finding that defendant is the father, particularly in view of the strong evidence against access by the estranged husband, makes unnecessary a specific finding that would negative a contrary conclusion (*Petersen* v. *Murphy*, 59 Cal.App.2d 528, 533 [139 P.2d 49]; *Thornton* v. *Stevenson*, 185 Cal.App.2d 708, 713 [8 Cal.Rptr. 603]; *County of El Dorado* v. *Al Tahoe Investment Co.*, 175 Cal.App.2d 407, 413 [346 P.2d 205]; *Kux* v. *Cal-West Lumber Corp.*, 162 Cal.App. 2d 500, 505 [328 P.2d 240]); and particularly is this so because, although the case was tried subsequent to the effective date of the 1959 amendment to section 634 of the Code of Civil Procedure, which forbids an appellate court to infer that the trial court found in favor of the prevailing party on a material issue of fact if the court has not made findings thereon, if it appears that the party attacking the judgment made a written request for a specific finding on such issue, there is nothing in the record to show that appellant made such written request in this case. (See 2 Witkin, California Procedure (1961 Supp.) Trial, § 118, p. 224.)

■ Finally, appellant argues that there is insufficient evidence to support the finding that plaintiff's mother was incompetent, and that, therefore, the court lacked jurisdiction to try the principal issues of the cause. Section 196a of the Civil Code allows an action for support of a minor child to be brought by the infant's mother or guardian, or guardian *ad litem* appointed upon the written application of the mother, provided that the written application shall not be necessary if the mother is dead or incompetent. In this case, there was no written application, the mother is living, and the guardian *ad litem* may bring the action only if the mother is incompetent. (*Alexander* v. *Superior Court*, 170 Cal.App.2d 54, 56 [338 P.2d 502].)

In the paternity action complaint, it is alleged that the court had appointed Sally Moody, grandmother of plaintiff minor, guardian *ad litem* to appear for the minor in the action. This was denied on information and belief. Prescinding from the subject of the denial of such matter on information and belief, we note that nothing is denied or alleged by defendant on this subject except denial of the appointment of the guardian *ad litem*. There is no allegation that the mother was not incompetent. Sally Moody testified that she was guardian *ad litem*, and the court, on motion for new trial, when the point of the capacity of the guardian *ad litem* was raised, no doubt took judicial notice of its own records, which it was entitled to do (Code Civ. Proc., § 1875, subd. 3; *Flores* v. *Arroyo*, 56 Cal.2d 492, 496, 497 [15 Cal.Rptr. 87, 364 P.2d 263]), and noticed the order appointing the guardian *ad litem*. The court could have made such order only by a finding that the mother was incompetent, and it would be, and is, presumed that the court acted in the lawful exercise of its jurisdiction in making the appointment (Code Civ. Proc., § 1963, subd. 16).

Judgment affirmed, order denying motion to set aside conclusions of law subsequent to judgment affirmed, order adding findings of fact and conclusions of law subsequent to judgment affirmed. Appeal from order denying motion for new trial dismissed.

Draper, P. J., and Salsman, J., concurred.