[Civ. No. 45940. Second Dist., Div. One. Dec. 2, 1975.]

MICHAEL E. YOAKUM, Plaintiff and Respondent, v.
SMALL CLAIMS COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and Appellant;
BENITO TOSTADO, JR., et al.,
Real Parties in Interest and Respondents.

## COUNSEL

John H. Larson, County Counsel, and Eugenia B. Maxwell, Deputy County Counsel, for Defendant and Appellant.

Iverson, Yoakum, Papiano & Hatch and F. B. Yoakum, Jr., for Plaintiff and Respondent.

No appearance for Real Parties in Interest and Respondents.

## OPINION

**THOMPSON, J.**—The case at bench presents the issue of the propriety of review by certiorari and mandamus of action of a small claims court adverse to a plaintiff's motion for relief from default pursuant to Code of Civil Procedure section 473. We conclude that mandamus is appropriate to compel the small claims court to hear from the plaintiff on the motion but not to review factual determinations on the motion after an adequate hearing.

Michael E. Yoakum filed three actions in the Small Claims Court of the Los Angeles Judicial District to recover costs on bail bond forfeitures.

Actions against Benito Tostado and Alfonso Duarte were set for hearing on March 19, 1974. Yoakum, Tostado, and Duarte were present when the calendar of the small claims court was called on March 19. After defaults, including one on a case brought by Yoakum were heard, Yoakum left the courtroom and Yoakum's cases against Tostado and Duarte were called while he was absent. Tostado and Duarte explained their contentions to the small claims court which entered judgment on the merits for them.

On April 12, 1974, Yoakum moved, in the small claims court, to be relieved of the "default" judgments against him. Declarations in support of the motion stated that, after notifying the clerk and receiving his permission, Yoakum left the courtroom for only five minutes to use the restroom. Without permitting Yoakum to be heard,[1] the small claims court entered its order stating: "Witnesses state that moving party went

---

[1] On issues of fact concerning the manner in which the small claims court conducted its proceedings, we recite the record in the light most favorable to the findings of fact of the superior court on Yoakum's petition.

for coffee and roll; Court remembers sending bailiff for moving party who was nowhere to be found at 10:30 a.m." Yoakum's motion to be relieved from default was denied.

On April 17, Yoakum filed his small claims court action against Joseph W. Foran. The matter was set for May 2. Foran appeared at the hearing but Yoakum did not. Judgment was entered for Foran. On May 8, Yoakum filed his motion to be relieved of default. The motion is accompanied by a declaration of Jeffrey M. Lukomski that between 8:50 and 9:10 a.m. on May 2, he called the small claims court and informed a clerk that Yoakum was ill and unable to attend the hearing, but was told nothing could be done to continue the Foran case or to put it off calendar.

Yoakum having moved, pursuant to Code of Civil Procedure section 170.6, to disqualify the judge regularly sitting in small claims in the Los Angeles Judicial District, his motion to be relieved from default was heard by another judge. That judge received evidence and denied the motion, stating that he did not believe the testimony presented by Yoakum.

On May 24, 1974, Yoakum filed a petition for writ of mandate and certiorari in the superior court seeking an order setting aside the judgment in the three cases and ordering them to trial before a different judge than the one who had heard them originally. Issuing an alternative writ, the superior court took evidence de novo on the issues raised in Yoakum's motions to be relieved from default. Contrary to the small claims court, the superior court found the facts to be as contended by Yoakum. It issued a peremptory writ directing the small claims court to set aside its judgments in the three cases and to reset them for hearing before a different judge. This appeal by the small claims court followed.

### Propriety of Certiorari and Mandate

■ Certiorari is an appropriate vehicle to review action of a court only where the court lacks or acts in excess of jurisdiction. (5 Witkin, Cal. Procedure (2d ed.) Extraordinary Writs, § 28.) Jurisdiction is broadly defined in the context of review by certiorari. Although a court may have jurisdiction of the subject matter and the parties, it nevertheless acts in excess of jurisdiction where it does not follow the mandate of a constitutional provision, statute, or rule of decisional law of a higher court requiring that it exercise its power over the parties and the cause in

a particular manner. (*Miller* v. *Superior Court,* 69 Cal.2d 14, 16 [69 Cal.Rptr. 583, 442 P.2d 663]; *Burtnett* v. *King,* 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333]; *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 291 [109 P.2d 942, 132 A.L.R. 715]; *Rodman* v. *Superior Court,* 13 Cal.2d 262, 270 [89 P.2d 109]; 1 Witkin, Cal. Procedure (2d ed.) Jurisdiction, § 179.) Where, however, a court acts in the manner provided by the Constitution, statutes, and governing decisional law, its action is within its jurisdiction although the conclusions reached may be unsupported by substantial evidence (*Estate of Kay,* 30 Cal.2d 215, 218-219 [181 P.2d 1]), or contrary to substantive law (*Signal Oil etc. Co.* v. *Ashland Oil etc. Co.,* 49 Cal.2d 764, 778 [322 P.2d 1]).

While there is language in a plethora of cases purporting to state the definition of "jurisdiction" in broader and fuzzier terms and some appellate decisions granting relief necessarily dependent upon lack of lower court jurisdiction in circumstances where jurisdiction existed, if jurisdiction is properly defined (see e.g., *Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937]; *County of Marin* v. *Superior Court,* 53 Cal.2d 633 [2 Cal.Rptr. 758, 349 P.2d 526]; *Harden* v. *Superior Court,* 44 Cal.2d 630 [284 P.2d 9]; *Brady* v. *Superior Court,* 200 Cal.App.2d 69 [19 Cal.Rptr. 242]; *Alexander* v. *Superior Court,* 170 Cal.App.2d 54 [338 P.2d 502]), those cases do not, upon analysis, further extend the already broadened definition. In most, the language is dictum. (See e.g., *Auto Equity Sales, Inc.* v. *Superior Court, supra,* 57 Cal.2d 450—superior court failed to act in manner required by law in expressly and not mistakenly refusing to follow a decision of the Court of Appeal (57 Cal.2d at p. 454) but decision contains language implying that failure to follow stare decisis is an act in excess of jurisdiction (57 Cal.2d at p. 455).) Where the reviewing court has in fact acted in a manner inherently or overtly applying a definition of "jurisdiction" broader than that developed by the prevailing line of cases expressly considering the matter, the action is explainable by California's peculiar procedural rule of the power of the reviewing court to act. When the reviewing court issues its alternative writ, it determines that the writ procedure is proper for the purpose of the particular proceeding before it, although its procedural determination may conceivably be wrong as a matter of law. (*San Francisco Unified School Dist.* v. *Johnson,* 3 Cal.3d 937, 945 [92 Cal.Rptr. 309, 479 P.2d 669], cert. den., 401 U.S. 1012 [28 L.Ed.2d 549, 91 S.Ct. 1266]; *Atlantic Richfield Co.* v. *Superior Court,* 51 Cal.App.3d 168, 172 [124 Cal.Rptr. 63].) The alternative writ is issued without opinion. When the reviewing court acts in a given manner on the authority of the alternative writ, its action is little, if any, precedent for

the propriety of the writ process to the case because of the peculiar rule of procedure. By no means is it authority of a dignity sufficient to overcome cases ruling expressly and necessarily on the issue of propriety of review by writ in situations where the ruling is the basis of decision.

In the context of the case at bench, review by mandamus is subject to the same restriction as review by certiorari.[2] The writ is not here available to reach error of the lower court if that court acted with jurisdiction of the parties and subject matter in a fashion not in excess of its jurisdiction. (5 Witkin, Cal. Procedure (2d ed.) Extraordinary Writs, § 79.)

### Tostado and Duarte Matters

■ The action of the small claims court in denying Yoakum's motion to be relieved of default in the Tostado and Duarte matters is properly reviewable on certiorari or mandate. Parties to an action in small claims court have a right to offer evidence (Code Civ. Proc., § 117g) and thus to be heard. The failure of a trial court to afford a hearing where one is provided by statute or other law is action in a manner contrary to that required by governing law and hence is in excess of the court's jurisdiction, as jurisdiction is defined for the purposes of certiorari and mandate. (5 Witkin, Cal. Procedure (2d ed.) Extraordinary Writs, § 88.) Here the superior court determined that Yoakum's motion to be relieved of default was denied by the small claims court summarily and without giving him an opportunity to be heard.

■ Unquestionably, the small claims court was entitled to rely upon its own investigation to determine that Yoakum's assertions of fact in support of his motion were not true. (Code Civ. Proc., § 117g.) That power of the small claims court, however, is not so broad as to permit it to refuse to hear Yoakum's side of the matter.

■ ■ Thus, the superior court properly granted its prerogative writ compelling the small claims court to hear Yoakum's motion to be relieved of default in the Tostado and Duarte matters. It erred, however, in including within its directive the requirement that the hearing be held

---

[2]Two of the three small claims cases here involved raise issues of the failure of the small claims court to afford a hearing to Yoakum on his motion to be relieved from default. They concern an issue of action in excess of jurisdiction. The third concerns a factual determination of the small claims court based upon the credibility of evidence taken by it. None is thus concerned with the abuse of trial court discretion as that abuse is a basis for review on mandate. (See 5 Witkin, Cal. Procedure (2d ed.) Extraordinary Writs, § 80.)

by a judge other than the one who denied the motion. The judge retains power to act unless he is disqualified for some appropriate reason. No reason appears in the record, there being no motion in the Tostado and Duarte cases to disqualify the judge for cause or by reason of Code of Civil Procedure section 170.6.

### Foran Matter

■ The superior court erred in issuing its prerogative writ in the Foran matter. Yoakum, as a plaintiff who voluntarily elected the advantages to him of the small claims process, has no right of appeal from an adverse judgment. (Code Civ. Proc., § 117j; *Superior Wheeler C. Corp.* v. *Superior Court,* 203 Cal. 384 [264 P. 488].) He is not entitled to a disguised appeal in the form of a petition for certiorari or mandate where all that is asserted is that the small claims court erroneously weighed the evidence after giving him a full opportunity to be heard.

### Disposition

The judgment of the superior court is reversed insofar as it directs the trial court to conduct a new hearing upon Yoakum's motion to be relieved from default in the Foran matter. The judgment is reversed insofar as it directs that new hearings upon Yoakum's motion to be relieved from default in the Tostado and Duarte matters be held before a judge different from the judge who heard the motions in the small claims court, but is affirmed insofar as it directs new hearings on the motions in the Tostado and Duarte cases. Each party is to bear its own costs on appeal.

Wood, P. J., and Hanson, J., concurred.