## Runkle v. Lemmon

*John D. Miller, Jr.,* for plaintiff.
*Samuel K. Gates,* for defendant.
*Daniel W. Shoemaker,* for Danny Walls.

BUCKINGHAM, *J.,* March 22, 1984—Plaintiff sued defendant for the support of a non-marital child. Defendant denied paternity and alleged that

one Danny Walls was the father of the child. Plaintiff then filed a petition requesting Walls be required to undergo a Human Leucocyte Antigen (HLA) Blood Tissue typing test. Walls resists the motion. We hold that plaintiff is entitled to the test.

A paternity action arising out of a support proceeding is a collateral step to enforce a duty of support and is, therefore, in the instant case, in the nature of a support action. Actions for support are governed by Pa.R.C.P. 1910.1 (a) provides ". . . the rules of this chapter govern all civil actions or proceedings brought in the Court of Common Pleas to enforce a duty of support." Pa.R.C.P. 1910.15(b) provides if the reputed father denies paternity he is informed of his right via the form of Pa.R.C.P. 1910.28(b). The explanatory note after Pa.R.C.P. 1910.15 were to implement Act No. 1978-46. This act makes paternity purely civil in accord with the Rules of Civil Procedure, including Pa.R.C.P. 1010.1. Therefore, paternity is civil and in accordance with the Rules of Civil Procedure so long as the rules are not at variance with Pa.R.C.P. 1910.1 et. seq.

The Uniform Act on Blood Test to determine paternity, 42 Pa.C.S. §6131 et seq. provides at section 6132(a), "Civil Matters — this subchapter shall apply to all civil matters." This statement of application is made without limitation. Section 6133 provides the authority for the court to order blood tests in any matter where, (1) paternity is an issue, (2) upon motion of any party, and (3) the motion is at a time so as not to unduly delay the proceedings. If these criteria are met, the court is authorized to order the mother, child, and alleged father to submit to blood tests. Of special interest is that the act does not say the reputed, putative or accused father. The act does not say the alleged father must be a party.

It does not say defendant father. It merely says alleged father.

The instant issue is of first impression in Pennsylvania. McGarrity v. Mengel, 287 Pa. Super 186, 429 A.2d 1162 (1981), touched on the subject. There a man who claimed to be the father of a non-marital child sought determination of paternity under the Declaratory Judgment Act. Included in plaintiff's petition was a request that "any other person who could possibly be the father" be joined in the action and blood tests ordered. The court held it lacked authority to make such an order because under Section 7540 of the Declaratory Judgment Act:

"All persons shall be made parties who have or claim any interest which would be affected by the declaration, shall prejudice the right of persons not parties to the proceedings."

The court continued that the only question was if plaintiff was the father of the child and not who was the father. Since to assert a second alleged father under the Declaratory Judgment Act requires joinder, in this type of proceedings, only parties can be ordered. This analysis is borne out by reference to page 197 where the court stated:

". . . The Uniform Act on Blood Tests to Determine Paternity therefore provides authority only for tests on appellee, the child and appellant, who is *the only alleged father* in the present action." (Emphasis added.)

This language implies in certain actions, i.e. paternity, support actions, more than one alleged father may exist.

In California, a state that has adopted the same statute (See West's Annotated Evidence Code 890 to 897), the California Supreme Court held in Huntingdon v. Crowley, 51 Cal. Rptr. 254, 414 P.2d 382 (1966) that on the petition of a plaintiff in a paterni-

ty action, the court may order plaintiff, defendant (the one accused by plaintiff as being the father of the child) and any other man alleged by defendant to be the father of the child, to undergo a blood test.

The court stated at page 387:

"The first major question presented by this case is how far the complainant should be allowed to go in rebutting the inference raised by such evidence of sexual intercourse with other men. Obviously some limit must be declared, or the proceedings will quickly degenerate into a series of paternity trials of each of the other men thus drawn into the case. The Uniform Act on Blood Tests to Determine Paternity . . . is not clear on this point. Some guidance is to be found in the basic command of section 1980.3 that upon proper and timely request the trial court shall order the mother, child, and alleged father to submit to blood tests. Taken in its context, the phrase 'alleged father' appears to mean the man actually charged by the complainant with being the father of her child, rather than any other man later injected into the case to cast doubt on the verity of her accusation. On the other hand, the code does not expressly exclude blood tests of the later group of men, and such evidence has been admitted both in California courts (Foster v. Gray (1962) 203 Cal. App.2d 434, 436, 21 Cal. Rptr. 429) and elsewhere (Thompson v. Seavo, (1959) 8 A.D.2d 652, 185 N.Y.S. 2d 47)."

Any other conclusion would lead to injustices. For instance, if defendant alleges another individual to be the father, plaintiff is at the mercy of defendant, since she must join the alleged father so as to permit his blood test since a blood test could be ordered against a party. It would follow that if plaintiff joined the other man as a party, she must allege him to be a father of the child. This necessarily implies

sexual intercourse. Either way, the mother/plaintiff must lie or rely on defendant to join the "alleged father."

It seems to us that the California approach is the logical one. All the blood tests could be done at one time, rather than seriatim, If Walls is not required to be tested in this support action, and if defendant is found not to be the father, then plaintiff would have to sue Walls who would then be required to submit to the test. This obviously would be a more lengthly and complicated procedure. By requiring Walls to undergo the test now in the present proceeding, he may be inconvenienced to some extent, but in the long run it will save a great deal of time and effort, not only for the litigants but for the court as well. This alone supports our conclusion.

We shall enter an order granting the plaintiff's motion.

## ORDER

And now, this March 22, 1984, Danny Walls is ordered to undergo an HLA blood test to be scheduled by plaintiff, at the cost of plaintiff.

An exception is granted to Mr. Walls.