JOSEPHINE M. RIKER, Plaintiff, *v.* MAURICE R. RIKER, Defendant.

Supreme Court, Special Term, Kings County, July 1, 1936.

*Daniel Handler,* for the plaintiff in the motion to sequester.

*Lawrence Wiseman,* for the defendant in opposition.

HOOLEY, J.   The court has decided herewith the motion to punish the defendant for contempt with leave to purge himself by the payment of $250 of the arrears within ten days.   In making such decision, the court had in mind the fact of the bonus.   But now comes the plaintiff with another motion for an order sequestering the property of the defendant.   The defendant calls attention to the following excerpt from section 4 of the Public Act No. 425 of the Seventy-fourth Congress: " Such bond shall be issued under the authority and subject to the provision of the Second Liberty Bond Act, as amended, and shall not be transferable, assignable, subject to attachment, levy or seizure under any legal or equitable process, and shall be payable only to the veteran, or in case of death or incompetency of the veteran, to the representative of his estate." (49 U. S. Stat. at Large, ——.)

Certainly the language is as broad and comprehensive as is possible to indicate the intent of the Congress that the veteran and he alone if living, or his personal representative in case of his death, should collect on these bonds.

The court is not unaware of the decisions in this and other States holding that a wife could reach by sequestration for the payment of alimony, the property of a husband in a police or fireman pension fund.   None of the statutes to which the court's attention has been

called are as definite as is the act of Congress above discussed. In addition, it must be remembered that these pension funds were created by a statute of a State which by its own laws had imposed upon the husband the duty to support his wife. The laws of the United States impose no such duty on a husband. The clear intent of the act is to make the proceeds of the bonds available to the veteran alone. The wife's remedy is to punish for contempt. Motion to sequester and for the appointment of a receiver denied. The Federal government would no doubt refuse to recognize the authority of the receiver if one were appointed.