[Crim. No. 4316. In Bank.—November 12, 1940.]

In the Matter of the Application of JAMES H. SMALL-BONE for a Writ of Habeas Corpus.

Raine Ewell for Petitioner.

Raymond D. Williamson for Respondent.

Frederic T. Leo, as *Amicus Curiae*, on Behalf of Respondent.

MOORE, J., *pro tem.*—By this proceeding in *habeas corpus* the petitioner seeks his discharge from custody under a judgment committing him for his failure and refusal to pay support money due to his former wife under a final decree of divorce entered on January 14, 1938.

Petitioner is a retired employee of the city and county of San Francisco, wherein the decree of divorce and the adjudication in contempt were had. As such retired employee he is entitled to a monthly pension of $100. Several of petitioner's pension installments have accumulated with the pension board, due, so petitioner asserts, to certain legal proceedings taken against him by his former wife. It appears, however, that petitioner has refused to stipulate, as requested by the former wife, to the release of sufficient of the pension money to permit of his compliance with the order of court directing payment of the support money to her. Under such circumstances, the trial court found, among other things, that the reason for the nonpayment of the support money was petitioner's refusal to obey its orders. He was, therefore, adjudged guilty of contempt and ordered committed until he should have purged himself by payment of the support money.

At the oral argument before this court petitioner waived all contentions except the claim that he cannot be required to withdraw his accrued pension money in order to satisfy and discharge his delinquency with respect to the support payments. He bases this contention on the claimed exemption of the pension installments.

In *Ex parte Silvia,* 123 Cal. 293 [55 Pac. 988, 69 Am. St. Rep. 58], it was found that the petitioner was unable to make the required alimony payment without selling or encumbering his homestead. This court there held that since the prisoner had ''no means aside from his homestead, in a legal sense [he] has not the ability to pay the alimony, and his continued imprisonment is unlawful''. The soundness of this decision has never been questioned. It was cited with approval in *Yager* v. *Yager,* 7 Cal. (2d) 213, 220 [60 Pac. (2d) 422]; *Van Hoosear* v. *R. R. Commission,* 189 Cal. 228, 233 [207 Pac. 903]; *Bakeman* v. *Superior Court,* 37 Cal. App. 785, 788 [174 Pac. 911]. ▉ There is no exception in the exemption laws which would authorize the satisfaction of an alimony judgment out of exempt property belonging to the husband and it is not the province of the courts to read such an exception into the law, in the absence of waiver of the exemption by the husband.

▉ But, this need not prove determinative of this proceeding. We are equally satisfied that when exempt property is converted into cash in the hands of the alimony debtor, or such money is being held for him by a third person, subject to relinquishment upon his demand or stipulation, he is no longer in a position to assert that he is not financially able to respond to the order or decree of the court directing him to pay alimony, attorney's fees or costs in an action for divorce. Under such circumstances, a trial court is justified in finding him guilty of contempt for his failure to pay such an award out of any money available, regardless of the source from which it was obtained. In *Bruton* v. *Tearle,* 7 Cal. (2d) 48 [59 Pac. (2d) 953, 106 A. L. R. 580], we had occasion to point out that ''the decree for alimony, because of such difference in the character of the obligation, may be enforced by more efficient and effective means than those given to the enforcement of judgments at law''. In passing, it may be pointed out that it has been elsewhere held that the exemption of pension moneys from execution and other process may not be construed to relieve a husband of his obligation to pay support money. (*Weigold* v. *Weigold,* 236 App. Div. 126 [258 N. Y. Supp. 348]; *Zwingman* v. *Zwingman,* 150 App. Div. 358 [134 N. Y. Supp. 1077]; *Monck* v. *Monck,* 184 App. Div. 656 [172 N. Y. Supp. 401].)

We are satisfied that the evidence before the court in the contempt proceeding was sufficient to show that petitioner was financially able (i. e., funds were available to him) to respond to the order of the court directing him to pay the amount of the judgment for alimony, attorney's fees and costs recovered against him, without requiring him to sell or encumber specific property exempt from execution. ■ Under such circumstances, to accept petitioner's contention would be to run counter to the purpose of the exemption statute. Its purpose is not to protect the debtor himself from liability for his debts, but to protect his exempt property from forced sale. The obligation to support a wife is not necessarily, and was not here, terminated upon the entry of the divorce decree. To accept petitioner's contention under the facts here present would permit the delinquent husband to evade such obligation and responsibility by sheltering himself behind legislation not intended for that purpose.

It is, therefore, ordered that the writ of *habeas corpus* be discharged and that petitioner be and he is hereby remanded to custody until he shall have purged himself of contempt by the payment of the sums named in the orders of the court below.

Carter, J., Gibson, C. J., Curtis, J., Shenk, J., and Marks, J., *pro tem.*, concurred.