[Civ. No. 23102.   Second Dist., Div. Two.   Dec. 19, 1958.]

GERALDINE HOWARD, Appellant, v. FRANK S. HOWARD, Respondent.

Marcus, Rabwin, Nash & Naiditch and Sidney R. Shiffman for Appellant.

Desser & Rau, David M. Hoffman and Robert E. Smith for Respondent.

FOX, P. J.—Plaintiff appeals from the orders granting defendant's motions to quash writ and levy of execution and for release of funds thereunder.  Plaintiff, on October 23, 1952, secured a final decree of divorce from the defendant and, by the terms thereof, as modified by order of court on December 10, 1952, he was to pay to plaintiff $50 on the 20th and 5th days of each month for the support and maintenance of their minor child.  Subsequently, as a result of an alleged disabling injury, defendant was taken off the active list as a Captain of the Los Angeles Fire Department and thereafter received monthly disability payments.  In order to enforce payment of the child support allowance, plaintiff, on or about July 1, 1957,

pursuant to section 710 of the Code of Civil Procedure, levied on defendant's disability payments in the hands of the city comptroller. The funds seized, consisting of $60.85, were deposited with the clerk of the superior court. Defendant asserted a claim of exemption to the above funds based on sections 710, subdivision (c), 690.22, and 690.23 of the Code of Civil Procedure, and filed a motion, dated July 17, 1957, for an order granting the exemption, quashing said levy, and releasing said funds to the defendant. After a hearing and argument, orders were filed on October 24, 1957, granting the above motions. It is from such orders that the instant appeal is taken.

Sections 690.22 and 690.23 of the Code of Civil Procedure expressly exempt pensions and disability payments from attachment or execution.[1] It is plaintiff's position, however, that as exemption statutes are created for the benefit of the husband's family as well as for himself, such statutes do not apply against claims for alimony or child support. There is nothing in the exemption statutes involved in this appeal which lends support to this position. Sections 690.22 and 690.23 are completely silent regarding any exceptions to the exemptions therein established. Furthermore, section 690 of the Code of Civil Procedure[2] provides in clear, unambiguous,

[1] Code Civ. Proc., § 690.22 reads: ''All money received by any person, a resident of the State, as a pension, or retirement or disability or death or other benefit, from the United States Government, or from the State, or any county, city, or city and county, or other political subdivision of the State, or any public trust, or public corporation, or from the governing body of any of them, or from any public board or boards, whether the same shall be in the actual possession of such pensioner or beneficiary, or deposited, loaned or invested by him, is exempt from execution or attachment.''

Code Civ. Proc., § 690.23, reads: ''All money held, controlled or in process of distribution by the State, or a city, city and county or other political subdivision of the State, or any public trust, or public corporation, or by the governing body of any of them, or by any public board or boards, derived from the contributions by the State or such city, county, city and county, or other political subdivision, or such public trust, public corporation, governing body, or public board or boards, or by any officer or employee thereof for retirement or pension purposes or the payment of disability, death or other benefits, or benefits payable under the provisions of 'An act to establish a system of unemployment reserves for this State, and making an appropriation therefor,' approved June 25, 1935, are exempt from attachment or execution.''

[2] Code Civ. Proc., § 690, reads: ''The property mentioned in Sections 690.1 to 690.25, inclusive, this code, is exempt from execution or attachment, except as therein otherwise specially provided, when claim for exemption is made to the same by the judgment debtor or defendant as hereinafter in Section 690.26 provided.''

and unmistakable language that the only exceptions to the exemptions provided by sections 690.1 to 690.25 are those which are specially set out in those sections themselves.

In order to sustain plaintiff's position, it would be necessary for this court to either rewrite sections 690.22 and 690.23 or to disregard section 690. This court may do neither. Any changes to be made with respect to these sections must come from the Legislature. The courts may interpret but not rewrite statutes.

*In re Smallbone,* 16 Cal.2d 532 [106 P.2d 873, 131 A.L.R. 222], is the only California case dealing with these sections and an alimony judgment. Petitioner was found guilty of contempt for failure to pay support money to his former wife. He was receiving $100 a month pension as a retired city employee. The court held that petitioner's exempt property could be considered in determining whether he was able to pay past due alimony. ▮ The court further stated, however, at page 534, that "[t]here is no exception in the exemption laws which could authorize the satisfaction of an alimony judgment out of exempt property belonging to the husband and it is not the province of the courts to read such an exception into the law, in the absence of waiver of the exemption by the husband." This language is applicable to the instant case and justifies the ruling made by the trial court.

▮ Plaintiff relies upon a number of California cases to support her position. Upon analysis, however, the authorities do not sustain her contentions.

Plaintiff cites *Bailey* v. *Superior Court,* 215 Cal. 548 [11 P.2d 865], for the proposition that alimony and child support claims may be enforced by execution or attachment. The court in this case only held that *exempt property could be taken into consideration* when determining whether the defendant was able to pay child support, not that it was subject to execution or attachment.

*Avilla* v. *Avilla,* 81 Cal.App.2d 210 [183 P.2d 668], also cited by plaintiff, does not support her position. Here, instead of making a judicial exception in favor of alimony and child support, the court actually granted the full exemption provided for by section 690.10 (seamen's earnings).

Plaintiff cites several California cases where the exemption provision relative to wages[3] apparently has been held inapplicable to claims founded on alimony or child support, and

---

[3]Code Civ. Proc., § 690.11, formerly § 690, subd. 10.

argues that such exception should be likewise applied to the sections presently under consideration. (See *Bruton* v. *Tearle,* 7 Cal.2d 48 [59 P.2d 953, 106 A.L.R. 580] ; *Lawson* v. *Lawson,* 158 Cal. 446 [111 P. 354] ; *Avilla* v. *Avilla, supra*; *Rankins* v. *Rankins,* 52 Cal.App.2d 231 [126 P.2d 125].)

Whether or not special status has been accorded to alimony and child support claims under the earnings exemption provision (§ 690.11) is not decisive in the instant case. The language of the earnings exemption section is entirely different from that found in the pension sections. The former has express provision for exceptions to its coverage while the latter make no provision for any exception whatsoever. Furthermore, one purpose of the earnings exemption, as expressly declared by the legislature in the statute, is to provide for the family from such earnings. The courts have given "family" a broad interpretation so as to include a divorced wife and minor children of that marriage. (See *Yager* v. *Yager,* 7 Cal. 2d 213, 220 [60 P.2d 422, 106 A.L.R. 664].) Therefore, to hold the husband's earnings exempt from such a claim would defeat the announced purpose of such exemption. The language of sections 690.22 and 690.23 is not open to such interpretation.

Lastly, plaintiff points out that this court in *Rankins* v. *Rankins, supra,* stated that the Supreme Court in the Smallbone case did not intend to reverse the policy which permits attachment or execution of earnings in favor of an alimony or child support judgment. This may well be true when the question involves earnings. However, when the above quoted language from the Smallbone decision is applied to the present case, it serves as a clear limitation upon the courts.

In the instant case we only hold that under the code sections here involved the disability funds payable by the city to the defendant are not subject to attachment or execution. This is not to say that plaintiff does not have other remedies available to her to enforce her claim. (See *In re Smallbone, supra*; *Bailey* v. *Superior Court, supra.*)

The orders appealed from are affirmed.

Ashburn, J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 16, 1959. Traynor, J., was of the opinion that the petition should be granted.