69 Cal.Rptr. 579, 442 P.2d 659]

[L. A. No. 29510. In Bank. July 10, 1968.]

SUZANNE G. OGLE, Plaintiff and Appellant, v. V. A. HEIM, as County Auditor-Controller, etc., Defendant and Respondent; JOEL E. OGLE, Real Party in Interest and Respondent.

Eric A. Rose for Plaintiff and Appellant.

(7)

Adrian Kuyper, County Counsel, and James S. Okazaki, Deputy County Counsel, for Defendant and Respondent.

No appearance for Real Party in Interest and Respondent.

PETERS, J.—This is an appeal by the plaintiff, Suzanne G. Ogle, from a judgment of the Superior Court of Orange County denying a writ of mandate to compel the Auditor-Controller of Orange County to honor the execution of a judgment for child support from retirement benefits of the judgment debtor. We have concluded that the judgment must be affirmed.

Suzanne Ogle divorced Joel E. Ogle in July 1963 and was awarded custody of their two minor children. Joel was ordered to pay the sum of $150 per month for each child's support, that is, a total sum of $300 monthly. Joel is a retired member of the Orange County Employees' Retirement System receiving a retirement allowance of $222-225 monthly. In September 1963 Joel became physically disabled and has since been unable to work.

Suzanne caused an abstract of judgment and affidavit to be filed pursuant to the provisions of section 710 of the Code of Civil Procedure for the purpose of executing on Joel's retirement allowance, alleging that he was delinquent in child support payments to the extent of $1,315.43. The defendant auditor-controller refused to pay any portion of the retirement benefits into court on the ground that they were exempt from execution. Suzanne sought mandate, and Joel filed a claim of exemption.

 Pensions of public employees are exempted by statute from the claims of their creditors. Section 690.23 of the Code of Civil Procedure provides that ''All money held, controlled or in process of distribution by the State . . . or other political subdivision . . . derived from the contributions by the State . . . or other political subdivision . . . or by any officer or employee thereof for retirement or pension purposes . . . *are exempt from attachment or execution.*'' (Italics added.) Section 690.22, the companion to section 690.23, extends exemption to payments after receipt by a resident pensioner. In addition, Government Code section 31452 provides that pensions of retired employees *of a county* ''are not subject to execution, garnishment, attachment, *or any other process of court whatsoever, and are unassignable. . . .*'' (Italics added.)

Numerous other pensions to retired employees of particular governmental entities are also insulated by special legislation.[1] Not one of the pension exemption statutes contains any suggestion that dependents are to be treated differently from other creditors. However, on the basis of the frequently repeated formula that the purpose of exemption statutes is to save debtors and their families from want by reason of misfortune or improvidence (e.g., *Estate of Crosby,* 2 Cal.2d 470, 473 [41 P.2d 928]; *Bailey* v. *Superior Court,* 215 Cal. 548, 554 [11 P.2d 865]; *Holmes* v. *Marshall,* 145 Cal. 777, 778-779 [79 P. 534, 104 Am.St.Rep. 86, 2 Ann.Cas. 88, 69 L.R.A. 67]), plaintiff argues that no exemption statute should bar a claim for child support. More specifically, she urges that the purpose of the statutes is to allow protection to the family as well as to the debtor and that the debtor should not be allowed to use the statutes to protect himself against his family.

Even if this analysis of statutory purpose were precise, it would not be helpful. ▉ "The general rule is that a court is not authorized in the construction of a statute, to create exceptions not specifically made. If the statute announces a general rule and makes no exception thereto, the courts can make none." (*Stockton Theatres, Inc.* v. *Palermo,* 47 Cal.2d 469, 476 [304 P.2d 7]; *Vallerga* v. *Department of Alcoholic Beverage Control,* 53 Cal.2d 313, 318 [1 Cal.Rptr. 494, 347 P.2d 909]; *Wisdom* v. *Eagle Star Ins. Co.,* 211 Cal.App.2d 602, 605 [27 Cal.Rptr. 599]; *People* v. *Pacific Guano Co.,* 55 Cal.App.2d 845, 848 [132 P.2d 254]; see 2 Sutherland, Statutory Construction (1943) § 4701 et seq., p. 333 et seq.) ▉ The application of the general rule to the pension exemption was recognized in *In re Smallbone,* 16 Cal.2d 532, 534 [106 P. 2d 873, 131 A.L.R. 222], where this court said: "There is no exception in the exemption laws which would authorize the satisfaction of an alimony judgment out of exempt property belonging to the husband and it is not the province of the courts to read such an exception into the law, . . ." This

[1] E.g., Education Code, section 14407 (Teachers' Retirement Fund); Government Code, section 9359.3 (Legislators' Retirement Fund); Government Code, section 21201 (State Employees' Retirement Fund); Government Code, section 32210 (Fire Service Retirement Fund); Public Utilities Code, section 12337 (Municipal Utility District Retirement Fund); Public Utilities Code, section 25337 (Transit District Retirement Funds). See also, 5 U.S.C.A. § 8346(a) (Federal Employees Retirement Benefits); 42 U.S.C.A. § 407 (Social Security Benefits); Welfare and Institutions Code, section 11002 (Aid and Medical Assistance Benefits). See generally, Committee on Debtor and Creditor, *Modernization of Statutory Exemptions* (1967) 42 State Bar J. 869.

case held that although a husband cannot be forced to satisfy his support obligation from exempt pension moneys, he can be held in contempt where the pension moneys evidence an ability to pay. *Smallbone* was followed in *Howard* v. *Howard,* 166 Cal.App.2d 386 [333 P.2d 417], where plaintiff sought to satisfy a child support order by garnishing her former husband's disability retirement payments from the Los Angeles Fire Department. The court observed that Code of Civil Procedure section 690 provides that ''The property mentioned in Sections 690.1 to 690.25, inclusive, this code, is *exempt* from execution or attachment, *except as therein otherwise specially provided, . . .*'' (Italics added.) No exception to the pension exemption was found, and the court concluded that the pension was exempt from levy and that plaintiff should enforce her claim by other remedies. In *Conaway* v. *Conaway,* 218 Cal. App.2d 427, 429 [32 Cal.Rptr. 890], plaintiff appealed from an order denying appointment of a receiver to receive her husband's Air Force retirement checks and apply them to a judgment for accrued alimony. The court held the retirement checks exempt under section 690.22 and affirmed the judgment, but added: ''Exemption from execution does not equate with a refusal to support from funds available, though exempt. Immunity does not necessarily imply impunity.''

California exemption statutes have not, as a class, been construed to contain an exception for dependents.[2] The Legislature has repeatedly enacted exemption statutes which make no provision for the special circumstances which pertain upon dissolution of a family; some legislation directly indicates that no special treatment is desired. For example, in its 1959 addition of section 674.5 to the Code of Civil Procedure, the

---

[2]Several cases opine in dictum the desirability of exceptions to the exemption statutes for the support of dependents only to find the proposed exception unnecessary on the facts presented. In *Willen* v. *Willen,* 121 Cal.App. 351 [8 P.2d 942], the court held that a levy upon the proceeds of disability insurance benefits (exempt under section 690.19) was equivalent to foreclosure where a statute permitted foreclosure of liens on exempt property and where the wife had a lien on the community property policies. (Accord, *Remley* v. *Remley,* 49 Cal.App. 489 [193 P. 604] (homestead).) In *Yager* v. *Yager,* 7 Cal.2d 213 [60 P.2d 422, 106 A.L.R. 664], the court intimated a willingness to create an exception to the homestead exemption in an appropriate case, but refused to do so on the facts of that case. In *Bailey* v. *Superior Court, supra,* 215 Cal. 548,the court used language favorable to the creation of an exemption but held that where the defendant offered no evidence that certain farm utensils were of a value to be within the exemption of section 690.3, they could be considered in determining willfulness of nonsupport. *Gaskins* v. *Security-First Nat. Bank,* 30 Cal.App.2d 409 [86 P.2d 681], involved the interpretation of a federal statute. Although this was seemingly a case within the provisions of section 690.22, that section was not mentioned.

Legislature provided that a judgment for alimony or child support, when recorded, "shall from such recording become a lien upon all real property of the judgment debtor, *not exempt from execution*, . . ." (Italics added.) The italicized portion cautiously assures that dependents shall have the same rights in exempt property as other judgment creditors. (See Code Civ. Proc., § 674.)

The only exemption under which dependents have been accorded special treatment is section 690.11 of the Code of Civil Procedure. Section 690.11 renders one-half of a debtor's wages earned within the prior 30 days exempt, and allows total exemption "if necessary for the *use of the debtor's family*." (Italics added.) Claims of dependents are not barred by the exemption of section 690.11. (*Bruton* v. *Tearle*, 7 Cal.2d 48, 53 [59 P.2d 953, 106 A.L.R. 580]; *McIntosh* v. *McIntosh*, 209 Cal.App.2d 374 [26 Cal.Rptr. 28]; *Henry* v. *Henry*, 182 Cal.App.2d 707 [6 Cal.Rptr. 418]; *Rankins* v. *Rankins*, 52 Cal.App.2d 231 [126 P.2d 125].)[3] The language of section 690.11 invited the creation of an exception by expressly referencing the needs of the debtor's family as a criterion for exemption. By contrast, the pension exemption statutes contain no similar criterion and refute any such exception. The peculiar development of the wage exemption is therefore inapposite, despite certain parallels between wages and pensions.

Plaintiff offers cases from other jurisdictions which allow dependents to reach pensions as representative of what she claims is the majority and better rule. We have carefully examined these cases; they are not impressive. Only three jurisdictions—New York (e.g., *Hodson* v. *New York City Emp. Retirement System* (1935) 243 App.Div. 480 [278 N.Y.S. 16]; *Legler* v. *Legler* (1935) 244 App.Div. 55 [278 N.Y.S. 804]; *Monck* v. *Monck* (1918) 184 App.Div. 656 [172 N.Y.S. 401]; *Zwingmann* v. *Zwingmann* (1912) 150 App.Div. 458 [134 N.Y.S. 1077]; *Albert* v. *Albert* (Sup.Ct. 1960) 199 N.Y.S.2d 766), New Jersey (*Fischer* v. *Fischer* (1953) 13 N.J. 162 [98 A.2d 568]), and Wisconsin (*Courtney* v. *Courtney* (1947) 251 Wis. 443 [29 N.W.2d 759]; *Saunders* v. *Saunders* (1943) 243 Wis. 94 [9 N.W.2d 629])—have held that state pension exemption statutes are inapplicable to a claim for alimony or child

---

[3]*Avilla* v. *Avilla*, 81 Cal.App.2d 210 [183 P.2d 668], involved applications of section 690.11, a federal statute, and section 690.10 which exempts seamen's wages. Although the basis of the exception permitted is unclear, the seamen's statute allows the debtor $300, and an exemption in this amount was granted by the court.

support where the state statute seems absolute on its face and contains no language indicating an exception for dependents. A fourth jurisdiction, Michigan, has held that a municipal exemption ordinance could not bar dependents. (*McDonald* v. *McDonald* (1958) 351 Mich. 568 [88 N.W.2d 398].)[4]

These cases are of little aid because they would find exceptions where none exist. Moreover, we are not persuaded that the blanket exceptions which they effect would be warranted by the public policy of this state. New York has allowed dependents to prevail against public and private pensions in cases involving separation, abandonment, or divorce, and in cases seeking current pension payments, the pension fund from which the payments are disbursed, or an employee's future interest in the fund. (E.g., *La Hondere* v. *La Hondere* (1939) 256 App.Div. 942 [9 N.Y.S.2d 918]; *Fox* v. *Fox* (1950) 276 App.Div. 859 [93 N.Y.S.2d 620]; *Jackson* v. *Jackson* (Sup.Ct. 1948) 194 Misc. 134 [86 N.Y.S.2d 516]; *Anonymous* v. *Anonymous* (Family Ct. 1963) 41 Misc.2d 597 [246 N.Y.S.2d 93]; cases cited, *supra*.) The decisions go far beyond the simple holding that dependents may garner the pension payments which plaintiff seeks here, and such great liberality would appear to be unwise. Allowing forced sales of pensions prior to the time they become payable results in loss to the

---

[4]Other decisions which have allowed claims of dependents against pensions are not germane because they do not involve statutes comparable to those in issue here. A number of cases involving federal statutes relating to veterans benefits hold that alimony and child support are not claims of ''creditors'' within the meaning of the statutes. (E.g., *Gaskins* v. *Security-First Nat. Bank*, *supra*, 30 Cal.App.2d 409; *Hannah* v. *Hannah* (1940) 191 Ga. 134 [11 S.E.2d 779]; *Stirgus* v. *Stirgus* (1935) 172 Miss. 337 [160 So. 285]; *Dillard* v. *Dillard* (Tex.Civ.App. 1960) 341 S.W.2d 668. See also *Szymanski* v. *Szymanski* (1920) 188 Iowa 931 [176 N.W. 806]; *James* v. *James* (1942) 69 Ohio App. 485 [44 N.E.2d 368]. But see *In re Irish* (1932) 51 Idaho 604 [9 P.2d 501]; *Riker* v. *Riker* (1936) 160 Misc. 117 [289 N.Y.S. 835]; *Commonwealth* v. *Berfield* (1947) 160 Pa. Super. 438 [51 A.2d 523]; *Brewer* v. *Brewer* (1933) 19 Tenn. App. 209 [84 S.W.2d 1022].)

Dependents' claims against pensions unprotected by any statute are common. The cases may involve such diverse questions as the efficacy of a nonassignment clause in a private commercial pension (e.g., *Kendrick* v. *Kendrick* (1960) 271 Ala. 372 [124 So.2d 78]; *Thiel* v. *Thiel* (1964) 41 N.J. 446 [197 A.2d 354]; but see, *Thomas* v. *Thomas* 192 Cal.App.2d 771 [13 Cal.Rptr. 872]; *Hoffman* v. *Hoffman* (1951) 8 N.J. 157 [84 A.2d 441, 28 A.L.R.2d 1205]), or the effect of sovereign immunity (*Montgomery* v. *Montgomery* (1946) 153 F.2d 634 [80 App.D.C. 344]).

At least two states provide by statute that no exemption is effective against a claim for alimony. (Tenn. Code, Vol. 5, § 26-210; Vernon's Anot.Mo.Stat., § 452-140; see *Pugh* v. *St. Louis Police Relief Assn.* (1944) 237 Mo.App. 922 [179 S.W.2d 927]; but see, *Ferneau* v. *Armour & Co.* (Mo.Ct.App. 1957) 303 S.W.2d 161, 168-169 (exception does not apply to child support).)

employee and cost to the pension system disproportionate to any benefit to creditors. (Cf. Note, *Legal Problems of Private Pension Plans* (1957) 70 Harv.L.Rev. 490, 499.) Waste, confusion, and disparity of treatment are potentially incident to a legislatively unlimited exception. Such would be destructive of socially invaluable methods of providing for old-age security through programs of enforced savings and investment. (See 2 Assembly Interim Committee Report No. 11, Industrial Relations (1965-1967) (Pension Plans and Public Policy in California).)

Further, many of the foreign cases fail to recognize that exemptions are not the only legal armor protecting pensions. Pension administrators too have a substantial and abiding interest in maintaining the integrity of their funds and assuring eventual security against profligacy and misfortune. To protect participants' and employers' interests, pension rights are typically made nonassignable. As noted, Government Code section 31452 renders the pension which plaintiff seeks not only exempt but also "unassignable," thereby restricting voluntary as well as involuntary alienation. Nonassignability has been validated by statute and decision, and independently of exemption laws, operates as a defense against creditors.[5] In *Thomas* v. *Thomas, supra,* 192 Cal.App.2d 771, for example, plaintiff was blocked from enforcing an alimony judgment against a private, unfunded pension system of which her former husband was a beneficiary. The court reasoned that since nonassignment clauses were effective in pension trusts

[5]Statutes exempting particular pensions, like Government Code, section 31452, which deals with pensions of county employees, may provide that pensions are "unassignable."

In addition to statutes relating to particular pensions, a number of statutes affect particular funding devices, public or private. For example, Insurance Code section 10129.5 provides that the transferability provisions of the Insurance Code are inapplicable to benefits under annuity contracts qualified under Internal Revenue Code section 401(g). Insurance Code section 10129 provides that group and individual policies may be unassignable.) See also, Ins. Code, § 10213 (group life insurance proceeds exempt); Code Civ. Proc., § 690.19 (certain life insurance proceeds exempt); Ins. Code, § 101; Note, 28 A.L.R.2d 1213; *Detroit Greyhound Emp. Federal Credit Union* v. *Aetna Life Ins. Co.* (1967) 7 Mich.App. 430 [151 N.W.2d 852].)

Although the validity of spendthrift retirement trusts has not been decided in California, spendthrift trusts, as such, are valid. (Civ. Code, §§ 859, 867; see *Lowe* v. *Jones* (1964) 414 Pa. 466 [200 A.2d 880]; Hyland, *Is the Beneficiary of a Spendthrift Retirement Trust a Fox That can be Cornered?* (1952) 27 L.A. Bar Bull. 441.) Spendthrift trusts effectively bar dependents as well as other creditors. (*Canfield* v. *Security-First Nat. Bank,* 13 Cal.2d 1 [87 P.2d 830]; *Smith* v. *Smith,* 51 Cal.App.2d 29 [124 P.2d 117]; *San Diego Trust etc. Bank* v. *Heustis,* 121 Cal.App. 675 [10 P.2d 158].)

and pension annuity contracts, they must also be effective in other contractual pension plans.

It may be noted that dependents do have remedies against the recalcitrant, of which contempt is the most efficacious. Because section 690.22 does not apply to nonresidents, pensioners against whom contempt is unavailable may nevertheless be subject to the Uniform Reciprocal Enforcement of Support Act. (Code Civ. Proc., § 1650 et seq.) If dependents are to have further remedies, a consistently hostile battery of statutes will have to be circumvented and parity of treatment among pensioners regardless of vagaries of funding should be effected. In view of the present clarity of statute and decisional law, the burden of change, if any, and its extent, should be on the Legislature and not this court.

The judgment is affirmed.

Traynor, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

Appellant's petition for a rehearing was denied August 8, 1968.