[L. A. No. 29509. In Bank. July 10, 1968.]

WILLIAM L. MILLER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents; VIRGINIA ANN MILLER, Real Party in Interest.

James B. Fredericks for Petitioner.

Roger Arnebergh, City Attorney, Bourke Jones, Weldon L. Weber and John J. Tully, Jr., Assistant City Attorneys, for Respondents.

Medoff & Hecht and Mervyn L. Hecht for Real Party in Interest.

PETERS, J.—William L. Miller petitions for a writ of mandate to compel the Superior Court of Los Angeles County to vacate its order for the payment of alimony and child support from his pension.

Virginia Ann Miller filed an action for divorce against William in 1961. Virginia was awarded custody of their minor child and William was ordered to pay $300 per month as alimony and $150 per month as child support. William has remarried and left the state. He is a retired chief engineer of the Los Angeles Fire Department receiving a pension of $1,352.90 per month. On April 24, 1967, following a hearing on an order to show cause and a finding that William was in arrears in payments in excess of $3,500, the court ordered the Manager and Secretary of the Department of Pensions of the City of Los Angeles to remit pension moneys in the sum of

$450 per month to Virginia for alimony and child support.

█ William contends that the trial court exceeded its jurisdiction in making the order directing payment to Virginia because his pension is exempt from execution and attachment under section 690.23 of the Code of Civil Procedure. Section 690.23 provides in pertinent part: "All money held, controlled or in process of distribution by the State or a city . . . derived from the contributions by the State or such city . . . or by any officer or employee thereof for retirement or pension purposes . . . are exempt from attachment or execution." We have held in *Ogle* v. *Heim, ante,* p. 17 [69 Cal.Rptr. 579, 442 P.2d 659], that the statute means exactly what it says. William's pension is exempt. Virginia's argument that the *form* of the court's order places it without the ambit of prohibited attachment or execution is without merit. The *effect* of the order is plain. If this order does not contravene the exemption statute, then any creditor could circumvent any exemption by obtaining an order in comparable form.

█ The action of the court in creating an exception not found in the statute was error in excess of its jurisdiction. (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 291 [109 P.2d 942, 132 A.L.R. 715].) The court not only declined to follow rules established by courts of superior jurisdiction holding pensions exempt (*In re Smallbone,* 16 Cal.2d 532 [106 P.2d 873, 131 A.L.R. 222]; *Howard* v. *Howard,* 166 Cal. App.2d 386 [333 P.2d 417]; *Conaway* v. *Conaway,* 218 Cal. App.2d 427 [32 Cal.Rptr. 890]), but failed to adhere to the exclusive procedure for reaching debts owed by government to third parties as set forth in Code of Civil Procedure section 710 (*Wilson* v. *Walters,* 19 Cal.2d 111 [119 P.2d 340]; *Department of Water & Power* v. *Inyo Chemical Co.,* 16 Cal. 2d 744 [108 P.2d 410]; *Ott Hardware Co.* v. *Davis,* 165 Cal. 795 [134 P. 973]; *Weiser* v. *Payne,* 110 Cal.App. 378 [294 P. 407]; *Credit Bureau of San Diego, Inc.* v. *Getty,* 61 Cal.App. 2d Supp. 823, 833 [142 P.2d 105]). In refusing to follow binding precedent (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450, 454 [20 Cal.Rptr. 321, 369 P.2d 937]) and procedures demanded by the code, the court exceeded its defined powers. (*City & County of San Francisco* v. *Superior Court,* 53 Cal.2d 236, 244 [1 Cal.Rptr. 158, 347 P.2d 294]; *Swycaffer* v. *Swycaffer,* 44 Cal.2d 689, 693 [285 P.2d 1]; *H. J. Heinz Co.* v. *Superior Court,* 42 Cal.2d 164, 173-175 [266 P.2d 5]; *Burtnett* v. *King,* 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333]; *Howard* v. *Superior Court,* 25 Cal.2d 784, 789

[154 P.2d 849] ; 1 Witkin, Cal. Procedure (1954) Jurisdiction, § 135 et seq., p. 397 et seq.)

 Virginia contends that mandate should not issue because William has an adequate remedy by appeal. The Court of Appeal, however, decided that the remedy by appeal was inadequate when it issued the alternative writ, and, because no purpose but delay would be served by reviewing that decision, we may and do accept it for the purpose of this proceeding. (*Weber* v. *Superior Court,* 53 Cal.2d 403, 406 [2 Cal.Rptr. 9, 348 P.2d 572] ; *Atkinson* v. *Superior Court,* 49 Cal.2d 338, 342 [316 P.2d 960] ; *Bowles* v. *Superior Court,* 44 Cal.2d 574, 582 [283 P.2d 704].)

Let a peremptory writ of mandate issue as prayed.

Traynor, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.