[Civ. No. 59462. Second Dist., Div. Three. Mar. 26, 1981.]

ROMELLE S. ROOSEVELT, Plaintiff and Respondent, v.
JAMES ROOSEVELT, Defendant and Appellant.

**COUNSEL**

Joslyn, Roeth, Angerhofer, Olds & Condon and Daniel Condon for Defendant and Appellant.

Fleming, Anderson, McClung & Finch and Lee W. Salisbury for Plaintiff and Respondent.

**OPINION**

**POTTER, J.**—Defendant James Roosevelt (hereinafter defendant) appeals from the judgment of the court below denying his claim to exemption from execution.

On June 8, 1954, defendant and plaintiff Romelle S. Roosevelt (hereinafter plaintiff), who were then married, entered into a written contract entitled "Separation Agreement." The separation agreement recited the parties' desire and intent "to settle and adjust, as between themselves, their respective present and future property rights, together with questions pertaining to support and maintenance of Second Party [plaintiff]. . . . "

By its terms, the agreement obligated the defendant to make monthly payments totaling one-half of his net annual income but not less than $1,150 to the plaintiff "as and for [her] support and maintenance" until her death or remarriage. The agreement further stipulated that "neither [party] will seek a Court modification based upon changed financial circumstances or any other claimed reason, at any future time. . . . " On June 23, 1955, the parties obtained an interlocutory judgment of divorce. The judgment of that date includes the following: "The

Separation Agreement of the parties dated June 8, 1954, offered in evidence and received as plaintiff's Exhibit 1 herein, is hereby approved as being fair and equitable as between the parties, *but is not merged in this judgment.*" (Italics added.) The interlocutory judgment contained no express provision respecting the support and maintenance of the plaintiff.

Defendant made the monthly support payments due plaintiff under the agreement until April 1974. In March of 1975, defendant filed an order to show cause why the support payments should not be modified. The order was quashed upon the ground that the court lacked jurisdiction since there was no support order to modify.

Thereafter, plaintiff brought an action on the agreement for "Breach of Contract and Accounting" of spousal support due her pursuant to the agreement. She won a money judgment dated May 3, 1979, which stated that the damages awarded her represented "accumulated arrearages...of payments due plaintiff from defendant...for her support and maintenance, under Paragraph B.2 of the Separation Agreement...."

Plaintiff obtained a writ of execution pursuant to the judgment and levied upon the United States Civil Service Commission which administers and pays defendant a monthly pension based upon his employment in various capacities with the United States government. The commission withheld one-half of the monthly pension and paid it to the Los Angeles County Marshal. Defendant filed a claim to exemption in the manner specified in Code of Civil Procedure section 690.50.[1]

Defendant asserted that his pension was exempt from execution under Code of Civil Procedure section 690.18, subdivision (a).[2]

---

[1]Code of Civil Procedure section 690.50 provides the procedure by which a judgment debtor may claim, as exempt, property which has been levied upon under writ of execution.

[2]Code of Civil Procedure section 690.18, subdivision (a), provides: "Except with regard to court-ordered child or spousal support payments, all money received by any person, a resident of the state, as a pension, or as an annuity or retirement or disability or death or other benefit, or as a return of contributions and interest thereon, from the United States government, or from the state, or any county, city, or city and county, or other political subdivision of the state, or any public trust, or public corporation, or from the governing body of any of them, or from any public board or boards, or from any retirement, disability, or annuity system established by any of them pursuant to statute, whether the same shall be in the actual possession of such pensioner or beneficiary, or deposited by him."

In response, plaintiff noticed a motion for determination of defendant's claim to exemption.

In support of his claim, defendant argued that his annuity was exempt under the general rule of Code of Civil Procedure section 690.18, subdivision (a), and that the exception therein stated "with regard to court-ordered...spousal support payments" did not apply because there were no "court ordered spousal support payments." Defendant's argument had two premises: (1) the judgment executed upon was based on a contract obligation (i.e., the separation agreement) and not a court order; (2) the divorce court's denial of jurisdiction over his 1975 request for modification of support payments is res judicata that no court order for spousal support payments was ever made.

The trial court, however, found that plaintiff's judgment on the agreement was "for 'court-ordered spousal support payments,' as such term is used in Code of Civil Procedure, § 690.18(a)." Accordingly, defendant's claim to exemption was denied. This appeal followed.

### Contentions

Defendant contends that the trial court erred in finding that the judgment upon which execution was issued was for court-ordered spousal support payments because: (1) the denial of jurisdiction by the divorce court over defendant's 1975 order to show cause is res judicata that there were *then* no court-ordered support payments, and (2) the subsequent judgment of May 5, 1979, awarding plaintiff arrearages under the separation agreement, is a money judgment for damages arising out of a contract, and not court-ordered spousal support within the meaning of Code of Civil Procedure section 690.18, subdivision (a).

Plaintiff concedes defendant's first contention,[3] but controverts defendant's second contention, arguing (1) that "court-ordered" spousal support as used in section 690.18, subdivision (a), includes any judgment based upon an obligation to make support payments to an ex-spouse (i.e., alimony) regardless of the source of such obligation, and (2) that the May 3, 1979, judgment is so based.

---

[3]Plaintiff's brief, at pages 1-2, states that: "The interlocutory judgment made no provision for alimony," and "the order to show cause was quashed on the ground that the Superior Court lacked jurisdiction to modify support when it had never made a support order in the first place."

## Discussion

### Summary

Exemption statutes are liberally construed in favor of the judgment debtor, so exceptions must be narrowly construed. So construed, section 690.18, subdivision (a), does not withhold exemption for public pensions unless the judgment upon which the writ issues either itself provides for court-ordered periodic support payments or enforces an obligation to make such payments previously ordered. The judgment of May 3, 1979, does neither. Consequently, the order denying defendant's claim of exemption must be reversed.

### Exemption Statutes Are Construed in Favor of the Judgment Debtor

■ Volume 30 California Jurisprudence 3d, Enforcement of Judgments, section 19, pages 44-45, states: "The principal objective of exemption statutes is to provide for the support and welfare of the debtor and his family and to enable him to follow his vocation. Such statutes are liberally construed to carry out these purposes and, as far as practicable, for the debtor's benefit. This same policy requires a strict construction of any provision that tends to limit the exemptions elsewhere extended to the debtor. [Fns. omitted.]"

The foregoing statement is fully supported by the authorities cited. *Bailey v. Superior Court* (1932) 215 Cal. 548, 554 [11 P.2d 865], states: "The underlying purpose of the statute exempting from execution certain property is to provide for the support and welfare of the family of the person claiming exemption." In *Holmes v. Marshall* (1905) 145 Cal. 777, 779 [79 P. 534], our Supreme Court said: "The general rule now is to construe such statutes liberally, so as to carry out the intention of the legislature, and the humane purpose, designed by the lawmakers."

The corollary proposition that exceptions to the exemption statute must be strictly construed is stated in *Los Angeles Finance Co. v. Flores* (1952) 110 Cal.App.2d Supp. 850, 854 [243 P.2d 139]. There the court said: "It follows logically that this same policy requires a *strict* construction of any provisions which tend to limit the exemptions elsewhere in the statute extended to the debtor. In 25 Corpus Juris 10 (par. 8), the rule is thus stated: 'Conversely to the rule of liberal construction

of the grant of an exemption, provisions which limit or take away the exemption are strictly construed, whether in provisos and exceptions or in amending statutes.'"

The foregoing principles were applied to the specific exemption for pensions by our Supreme Court in *Ogle* v. *Heim* (1968) 69 Cal.2d 7, 9 [69 Cal.Rptr. 579, 442 P.2d 659], and in *Miller* v. *Superior Court* (1968) 69 Cal.2d 14, 16 [69 Cal.Rptr. 583, 442 P.2d 663]. In those cases, the judgment creditor sought to extend a court-created exception to the exemption for wages (in favor of dependents entitled to support payments) so as to apply it to the pension exemption which was then embodied in Code of Civil Procedure section 690.23. Section 690.23 contained no stated exception to such exemption. In rejecting this attempt, the *Ogle* court said (*id.*, at pp. 9-10): "'The general rule is that a court is not authorized in the construction of a statute, to create exceptions not specifically made. If the statute announces a general rule and makes no exception thereto, the courts can make none.' (*Stockton Theatres, Inc.* v. *Palermo*, 47 Cal.2d 469, 476 [304 P.2d 7]; *Vallerga* v. *Department of Alcoholic Beverage Control*, 53 Cal.2d 313, 318 [1 Cal.Rptr. 494, 347 P.2d 909]; *Wisdom* v. *Eagle Star Ins. Co.*, 211 Cal. App.2d 602, 605 [27 Cal.Rptr. 599]; *People* v. *Pacific Guano Co.*, 55 Cal.App.2d 845, 848 [132 P.2d 254]; see 2 Sutherland, Statutory Construction (1943) § 4701 et seq., p. 333 et seq.) The application of the general rule to the pension exemption was recognized in *In re Smallbone*, 16 Cal.2d 532, 534 [106 P.2d 873, 131 A.L.R. 222], where this court said: 'There is no exception in the exemption laws which would authorize the satisfaction of an alimony judgment out of exempt property belonging to the husband and it is not the province of the courts to read such an exception into the law, . . .' This case held that although a husband cannot be forced to satisfy his support obligation from exempt pension moneys, he can be held in contempt where the pension moneys evidence an ability to pay. *Smallbone* was followed in *Howard* v. *Howard*, 166 Cal.App.2d 386 [333 P.2d 417], where plaintiff sought to satisfy a child support order by garnishing her former husband's disability retirement payments from the Los Angeles Fire Department. The court observed that Code of Civil Procedure section 690 provides that 'The property mentioned in Sections 690.1 to 690.25, inclusive, this code, is *exempt* from execution or attachment, *except as therein otherwise specially provided*, . . .' (Italics added.) No exception to the pension exemption was found, and the court concluded that the pension was exempt from levy and that plaintiff should enforce her claim by other remedies."

Section 690 still contains the language italicized in the above quotation. Consequently, in construing the current provisions of section 690.18, it is clear that the stated exception must be strictly construed in favor of the judgment debtor.

**■ *The Exception to the Exemption Provided by Section 690.18 Applies Only Where There Has Been an Order for Periodic Spousal Support Payments***

Prior to its amendment in 1975, section 690.18 made all governmental pensions "property" "exempt from execution" pursuant to section 690. The 1975 amendment created an exception "with regard to court-ordered child or spousal support payments." Since the effect of this amendment is to limit the exemption, it comes within the rule requiring that it be strictly construed so as to limit the extent of the exception. Plaintiff, nonetheless, argues that the exception is intended to be applicable wherever the obligation which is the basis for the judgment upon which the execution is made is an obligation to provide spousal support, i.e., to pay alimony, and that the "court-ordered" requirement is satisfied by the fact that such judgment is itself a court order. This argument would be more persuasive if the statutory language were "except with regard to an order for spousal support," since both a judgment for accumulated arrearage of unpaid spousal support and a writ of execution based thereon would constitute such orders.

*Avilla* v. *Avilla* (1947) 81 Cal.App.2d 210 [183 P.2d 668], involved a claimed exemption for the wages of a marine fisherman pursuant to section 601 of title 46 United States Code Annotated, which excepted from the exemption of such pay the operation of "'*the order by any court regarding the payment* by any seaman of any part of his wages *for the support* and maintenance *of his wife* and minor children.'" (*Id.,* at p. 211.) (Italics added.) There had been an original court order for support, which the seaman did not obey, followed by an order for an execution and a writ for the arrearage. Holding that the exemption was not applicable, the court said (*id.,* at p. 212): "The original support order was a court order within the exception provided by this statute. The order for an execution and the execution itself were also such orders."

But the exception in Code of Civil Procedure section 690.18 is not for orders for spousal support; it is stated rather in terms of the source of the obligation upon which the judgment being executed is based being court-ordered support. The entire statutory exemption scheme assumes

in section 690 that there is a judgment and a writ of execution; otherwise the issue of exemption would not arise, and the exemptions are stated in terms of the nature of the property involved which is rendered "exempt from execution when claim for exemption is made to the same by the judgment debtor." Consequently, the reference to *"court-ordered* child or spousal support payments" (italics added) is wholly redundant if intended to refer to the fact that there is a judgment and a writ of execution. "'A cardinal rule of construction is that...a construction making some words surplusage is to be avoided.'" (*People* v. *Gilbert* (1969) 1 Cal.3d 475, 480 [82 Cal.Rptr. 724, 462 P.2d 580].) We must, therefore, give some meaning to the words "court-ordered" other than that there is a judgment being executed by a writ of execution.

The meaning of the exception is further limited by the ordinary meaning of the words "court-ordered...spousal support *payments.*" (Italics added.) This is an obvious reference to the usual practice in family law matters to direct one spouse to make periodic monthly support payments to the other, not to the equally common order for execution to enforce an arrearage in respect of a support obligation. Where the latter type order is based upon an order of the former type, it is a judgment with regard to court-ordered spousal support payments which have become due. However, when the judgment is based upon a spousal support obligation, the source of which is other than a previous order for spousal support payments, it is not a judgment with regard to court-ordered spousal support payments, even though it is a judgment with regard to spousal support.

The interpretation thus placed upon the exemption is consistent with the general policy of the exemption statutes to "save debtors and their families from want by reason of misfortune or improvidence...." (*Ogle* v. *Heim, supra,* 69 Cal.2d at p. 9.) In view of such purpose, a rational basis for exception has been found in the fact that the judgment creditor is likewise in need. This was the basis of the court-created exception to the wage exemption in favor of dependents to which the court made reference in *Ogle.*[4] However, even where such exception was recognized, it was found not applicable to a judgment for arrearage of spousal sup-

---

[4]Cases applying this exception are collected in the opinion of *Ogle* v. *Heim, supra,* 69 Cal.2d at page 11, where the court said: "Claims of dependents are not barred by the exemption of section 690.11. (*Bruton* v. *Tearle,* 7 Cal.2d 48, 53 [59 P.2d 953, 106 A.L.R. 580]; *McIntosh* v. *McIntosh,* 209 Cal.App.2d 374 [26 Cal.Rptr. 28]; *Henry* v. *Henry,* 182 Cal.App.2d 707 [6 Cal.Rptr. 418]; *Rankins* v. *Rankins,* 52 Cal.App.2d 231 [126 P.2d 125].) [Fn. omitted.]"

port payments stipulated in an integrated agreement and therefore not subject to modification by the court. (*Rasmussen* v. *Rasmussen* (1969) 275 Cal.App.2d 443, 448 [79 Cal.Rptr. 842].) Except under extraordinary circumstances (Civ. Code, § 4811), as of the date of the enactment of the amendment to section 690.18, subdivision (a), court-ordered spousal support payments were subject to modification by subsequent court order. It was fair to assume, therefore, that so long as they were in effect, such payments continued to represent amounts which the supported spouse needed and which the supporting spouse could afford. Such being the case, their exception from the exemption was wholly logical and reasonable.

On the other hand, nonmodifiable provisions for support in a contract entered into 25 years ago, which may no longer be related to the supported spouse's need or the supporting spouse's ability to pay, fall into an entirely different category. It is logical to assume that the Legislature did not intend that they be given preferred status.

Plaintiff argues that the 1975 amendment to section 690.18, subdivision (a), was enacted to conform California law with the 1974 amendment to 42 United States Code section 659, which gave consent to sue the United States for the purpose of executing upon federal governmental employees' wages and pensions so long as the claim sued upon was "for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments." 42 United States Code section 662(c) contemporaneously defined alimony as ". . . periodic payments of funds for the support and maintenance of the spouse (or former spouse) of such individual. . . ." It is apparent that periodic payments provided by the separation agreement in the case at bench constitute alimony within this definition. It is also apparent, by virtue of their respective dates of enactment, that the amendment to 42 United States Code section 659 may have triggered the 1975 amendment to Code of Civil Procedure section 690.18. It does not follow therefrom, however, that the purpose of the latter was to conform California law in all respects to the federal rule.

It is obvious that an amendment to the California law was necessary before the change in federal law could have any effect upon litigants in California courts. But the 1975 amendment to Code of Civil Procedure section 690.18 is much broader in scope than plaintiff's argument suggests. It creates an exception with respect to all governmental pensions, not just federal pensions, and nothing in its legislative history indicates

that it was intended to make inoperative the pension exemption to the full extent that the federal consent to sue would allow. The status of nonfederal governmental pensions was equally important. The extent of the federal waiver is, therefore, no valid criterion for determining the extent of the California exception; it only limited how far the exception could be extended with respect to the federal pensions.

■ *The May 3, 1979, Judgment Does Not Provide for or Enforce Court-ordered Spousal Support Payments*

The judgment of May 3, 1979, specifically states that it represents accumulated arrearages of payments "due plaintiff from defendant, her former spouse, for her support and maintenance under Paragraph B.2 of the separation agreement...." Defendant's argument, therefore, that in view of the integrated character of that agreement the judgment does not represent an amount due on account of the support obligation is unfounded. Furthermore, the agreement itself specifies that the minimum monthly payment shall be paid "as and for the support and maintenance of..." plaintiff. Said judgment does not, however, either provide for or enforce any "court-ordered...spousal support payments." It was rendered in an action upon the property settlement agreement and, as plaintiff has conceded, prior to its rendition the court "had never made an alimony or spousal support order." Thus, though the judgment did enforce an obligation for support, it did not enforce any "court-ordered...spousal support payments."

The judgment is reversed, and the cause is remanded with directions to enter an order upholding defendant's claim to exemption.

Klein, P. J., and Cobey, J., concurred.